(156 App. Div. 666.)

### HARLEM SAVINGS BANK v. LARKIN et al.

(Supreme Court, Appellate Division, First Department.   May 29, 1913.)

1. PARTITION (§ 116*) — JUDGMENT—EFFECT—CONCLUSIVENESS—INCUMBRANCES.
   Code Civ. Proc. § 1539, provides that the plaintiff in partition may, at his election, make a person having a lien upon the property a defendant, and the final judgment may either award to such party his entire rights

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and interest or the proceeds thereof, or may reserve and leave unaffected his lien, and that such a person not made a party shall not be affected by the action. Nowhere does the Code authorize a party defendant holding a lien to apply for any affirmative relief, and the court is given no power to award a judgment directing the sale of the property to enforce the lien; the main question in an action for partition being the determination of the title of the various parties who are tenants in common, and sections 1546, 1560, 1561, providing that the interlocutory judgment must declare the right or interest of each party, and that sale shall be authorized only when partition cannot be made. *Held* that, as the judgment decreeing the sale and payment of a lien is only an incident to the judgment of partition, a lienholder, though made a party to such action, is not concluded by that judgment, and may bring a subsequent action for the enforcement of his lien, for otherwise his security might be impaired by delay in the proceedings or sale.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 315, 450–453; Dec. Dig. § 116.*]

2. PARTITION (§ 64*)—DISMISSAL.

In partition, where a mortgagee or other lienholder is made a party, the court has no authority to dismiss the action as to the lienholder on his motion for delay in disposing of the rights of the persons interested in the property.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 186, 187; Dec. Dig. § 64.*]

Hotchkiss and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by the Harlem Savings Bank against Elizabeth H. Larkin, impleaded with others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Edward S. Clinch, of New York City, for appellant.

Isaac N. Miller, of New York City, for respondent.

INGRAHAM, P. J. I think that the action of the plaintiff in interposing an answer in the partition action, setting up specifically the bonds and mortgages sought to be foreclosed in this action, and asking that it be adjudged that there is now due upon the bonds secured by the said mortgages the sum of $11,000, with interest thereon, that the bank had a lien for the amount so due upon the premises described in said mortgages and in the complaint superior to any other interest therein, that the said premises be sold by and under the direction of the court, and that the bank from the proceeds thereof be paid the amount due to it on said bonds and mortgages, is a counterclaim by which the plaintiff in this action could enforce its right to have the mortgages foreclosed.

[1] The plaintiff owned two mortgages, which were liens upon the property sought to be partitioned. One of the owners, a tenant in common of the property, commenced an action to partition it. That action is regulated by chapter 14, tit. 1, art. 2, of the Code of Civil Procedure. Section 1538 of the Code provides who must be made parties in such an action, and the owner of a mortgage upon the property is not one of those mentioned in that section. By section 1539

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the Code, however, it is provided that the plaintiff may at his election make a person having a lien or interest which attached to the entire property a defendant in the action, and it is provided that in such a case the final judgment may either award to such a party his or her entire right and interest or the proceeds thereof, or may reserve and leave unaffected his or her right and interest or any portion thereof; that a person specified in this action who is not made a party is not affected by the judgment in the action. There is no provision in the Code authorizing a person, made a party defendant as holding a lien upon the entire property, to apply for any affirmative relief, and the court is given no power to award a judgment directing the sale of the property to enforce the lien of a person so made a party defendant to the action, unless a judgment to partition the property was entered; and such affirmative relief to a defendant who is made a party simply as holding a lien upon the property would seem to me to be contrary to the provisions of the Code regulating such an action.

The main question in an action for the partition of real property is the title of the various parties who are tenants in common or have an estate or title to the property sought to be partitioned or some portion thereof. Until such questions are determined it is quite apparent, from the provisions regulating the entry of judgment, that no judgment can be entered. Thus by section 1546 it is provided that the interlocutory judgment must declare what is the right, share, or interest of each party in the property as far as the same have been ascertained, and he must determine the rights of the parties therein. The sale is only authorized where it is found by the verdict, report, or decision that the property or any part thereof is so circumstanced that a partition thereof cannot be made without great prejudice to the owners; that otherwise an interlocutory judgment in favor of the plaintiff must direct that the partition be made between the parties according to their respective rights, shares, and interests. There are then detailed provisions for enforcing the actual partition, and sections 1560 and 1561 of the Code provide for the cases in which an interlocutory judgment for the sale of the property can be ordered. What was evidently intended by these provisions was to allow the court to make a person holding a lien upon the premises sought to be partitioned a party, so that such lien could be discharged out of the proceeds of the sale of the property if a sale be ordered; but it could not have been intended that the plaintiff by exercising that right could tie up or postpone the right of a person owning the lien upon the property, so that that lien could not be enforced until the owners of the property could dispose of the questions as between themselves as to who was ultimately entitled to either the property or its proceeds. When a person holding a lien upon the entire property is made a party to the action, he of course has the right to allege that he has such a lien and ask that his lien be paid out of the proceeds of the sale if one be directed; but such a lienor has no power to intervene in the action for the purpose of enforcing a sale, and the court itself has no power to direct a sale, unless it appears that the property cannot be actually partitioned.

This case is entirely different from the cases cited where, in an action to foreclose a mortgage, either a subsequent or prior mortgagee is made a party, and such subsequent or prior mortgagee comes into the action and seeks to foreclose his mortgage or enforce his lien. Such a party has a right to ask for a judgment to enforce his lien, and of course would be, where he intervened asking for affirmative relief, concluded by the judgment; but the plaintiff in this action had no option as to whether or not it should be made a party to the partition action, but, having been made a party at the election of the plaintiff, it asserted its lien, and did and could do nothing else in that action. And when a reasonable time had elapsed to allow the parties to that action to proceed to judgment, so that the plaintiff's lien could be satisfied, it certainly was not precluded from commencing an action which it could control, and in which it could have a judgment of foreclosure and sale, whether or not the property was actually partitioned or sold. It seems to me that there is not only an inconvenience, but that the danger to a mortgagee is very substantial, in holding that a mortgagee should be remitted to the partition action for relief. Plaintiff has a mortgage upon real property payable at a specified time and it is entitled to enforce that mortgage. The questions arising in an action for the partition of real property are often intricate, and the litigation in relation to them is often prolonged, resulting in appeals and other incidental delays. In the meantime the interest is unpaid, the taxes and assessments accumulate, and it may well be that the security of the mortgagee may be substantially impaired. Yet, if this principle is applicable, a tenant in common, by merely making the mortgagee a party, can indefinitely delay the enforcement of the mortgage, and, if I am right in the construction of the provisions of the Code, there is nothing that the mortgagee can do to protect his interest.

[2] Nor do I think any application to the court to dismiss the action as against the mortgagee would be available, as the court would only have power to dismiss the action in case the plaintiff unreasonably neglected to proceed, and so long as the action is proceeding in due course in determining the rights of the several parties claiming interest in the property, I do not see that the court could dismiss the action as against a party defendant, who was properly made a party, in consequence of the delay in disposing of the questions as between those interested in the property.

I think, therefore, that the pendency of the partition action was no defense to this action to foreclose the mortgage, and the judgment should therefore be reversed.

Judgment reversed, new trial ordered, costs to appellant to abide the event. Order to be settled on notice.

LAUGHLIN and DOWLING, JJ., concur.


HOTCHKISS, J. (dissenting). The complaint contains no specific demand for a deficiency judgment, but it concludes with a prayer for general relief, and under this, I take it, a deficiency judgment would be

proper. Theretofore, and on February 4, 1911, there was commenced in this court an action for the partition of the premises upon which said mortgages were a lien, in which action this appellant was named as a party defendant. The lien of the mortgages was admitted by the complaint in the partition action, and the demand for relief therein included a prayer that out of the moneys realized from the anticipated sale of the premises the said mortgages should be paid. The appellant appeared and answered in the partition action, and, among other things, set up its two mortgages, and prayed that the same might be declared a lien upon the premises, that the premises be sold, and that from the proceeds the amount of the mortgages should be paid. Thereafter the appellant appeared before the referee appointed in the partition action, and proved its bonds and mortgages and the amount due thereon. At the time of the commencement of this action, and the rendition of the judgment appealed from, the partition action was still pending and undetermined. There is no finding, nor is it claimed, that prior to the commencement of this action the plaintiff (appellant) procured leave of court to bring the same.

The sole question presented is whether the pendency of the partition action was a bar to the plaintiff's right to commence this action to foreclose its mortgages. I think it was. The answer of this appellant in the partition action amounted to a counterclaim, although it asked for the same relief as was in its behalf prayed for in the complaint in that action (Met. Tr. Co. v. Tonawanda, etc., R. Co., 43 Hun, 521, affirmed 106 N. Y. 673, 13 N. E. 937). There can be no doubt the appellant would have been bound by a judgment upon the issues raised by him in the partition action. Barnard v. Onderdonk, 98 N. Y. 158; Jacobie v. Mickle, 144 N. Y. 238, 39 N. E. 66. Jacobie v. Mickle, supra, was an action to foreclose a mortgage. The holder of a prior mortgage was made a party, and the complaint prayed that the amount of such prior mortgage be paid first out of the proceeds of sale. The prior mortgagee defaulted, and a judgment was entered following the prayer of the complaint. It was held that the prior mortgagee was concluded by the judgment, which was a bar to a subsequent action to foreclose his mortgage. Having submitted to the jurisdiction of the court in the partition action, where the rights of all parties could be determined and protected, the appellant cannot, certainly without leave of court, have a second action for the same relief while the first action is pending and undetermined.

The fact that the appellant may be subjected to inconvenience and delay in realizing the amount of its mortgage, unless it is permitted to have its independent action for the foreclosure thereof, is not material, much less controlling. The argument ab inconvenienti may be resorted to in cases of doubtful construction, or where the application of conflicting rules of law is involved; but it should never be invoked where the law is clear. The rule which protects one from being vexed by several actions involving the same issues, between the same parties, in the same jurisdiction, at the same time, is founded upon sound considerations of policy, and is not to be ignored. Its application to the present case is plain. But is not the danger of any serious incon-

venience to the appellant, if he is remitted to the partition action, more fanciful than real? As was said in Jacobie v. Mickle, supra, 144 N. Y. 240, 39 N. E. 66:

"A prior mortgagee may be prejudiced by being made a party defendant in an action commenced by the junior mortgagee. Some person made a party defendant in such an action may defend against the junior mortgage, and thus there may be prolonged litigation, and the prior mortgagee may be delayed in the enforcement of his mortgage, or in other ways embarrassed; but his relief in all such cases must be by application to the court in which the action is pending, and it has ample power to mold its relief to the exigencies of the case, so as to protect the prior incumbrancer from all necessary loss and damage."

The appellant was not a necessary party to the partition action, although the plaintiff therein had the right to elect whether he should or should not join the appellant as a party. Section 1539, Code Civ. Proc. If the appellant found that its interests were prejudiced by delays, or otherwise, in the partition action, it might have applied to the court for appropriate relief, by compelling the parties to that action to expedite the same, or, in default thereof, to submit to a dismissal as to the appellant; or in view of the fact that the complaint admitted the lien of the mortgage and that no issue was raised by any party as to the lien or validity thereof, the appellant might, possibly, upon a proper showing, have secured the entry of an interlocutory decree of foreclosure and sale, the proceeds, after satisfying such decree, to be deposited in court to await the final decree in the partition action.

I have already shown that the answer of the appellant in the partition action constituted a counterclaim. Section 1628 of the Code of Civil Procedure provides that:

"While an action to foreclose a mortgage upon real property is pending, * * * no other action shall be commenced or maintained, to recover any part of the mortgage debt, without leave of the court in which the former action was brought."

Section 1630 provides that:

"Where a final judgment for the plaintiff has been rendered, in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage"

—unless an execution has been issued upon the judgment and returned wholly or partly unsatisfied. In Reichert v. Stilwell, 172 N. Y. 83, 88, 64 N. E. 790, 791, the court said:

"As we read these sections, the command of the earlier is not to sue the bond, or the promise representing the mortgage debt, while an action to foreclose the mortgage is pending, without leave of the court; and of the later, not to commence an action to foreclose, after judgment rendered in an action at law on the bond or promise, without the return of an execution unsatisfied. The object of the statute is to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt. * * * In other words, only one action is permitted at the same time, except as the statute provides, for it forbids a suit in equity to foreclose the mortgage until the remedy at law on the bond, if resorted to, has been exhausted, and an action at law on the bond, while a suit in equity to foreclose the mortgage is pending, without leave of the court."

It is apparent from the foregoing that, while the partition action was pending, the appellant could not have brought an action at law on the bonds secured by the mortgages, without leave of the court. The prayer for a deficiency judgment in this action is the legal equivalent of such an action at law. Although it is not disclosed by this record that in the partition action the appellant sought any deficiency judgment against those who were liable on the bonds, nevertheless, had the partition action gone to a sale and resulted in a deficiency, the appellant's right thereafter to bring any action on its bonds would have been subject to the discretion of the court on appellant's application for leave to sue for such deficiency. Darmstadt v. Manson, 144 App. Div. 249, 128 N. Y. Supp. 992.

If the foregoing views are correct, the partition action was a bar to this action under the common-law rule, and also because the case comes directly within the spirit and purpose of section 1628 of the Code of Civil Procedure.

The judgment should be affirmed, with costs.

McLAUGHLIN, J., concurs.