PEERLESS CANDY COMPANY, INC., Plaintiff, *v.* MAX KESSLER et al., Defendants.

Supreme Court, Kings Special Term, May 22, 1924.

Real property — tax lien — lien for taxes valid against entire premises though title to life estate and part of remainder interest vested in plaintiff, holder of lien — party in partition action entitled to amounts it paid for taxes and water rents to protect its tax lien prior to acquiring interest of life tenant — life tenant charged with duty of maintaining premises in condition in which he found them — disbursements for permanent improvements and in some instances reconstruction may be apportioned.

A tax lien of a municipality covering the entire premises is a valid lien against the premises and is not impaired by the fact that the title to the life estate and a part of the interest of the remainderman came into the hands of the owner of the lien, where the intent was that the interests should not merge.

A plaintiff in a partition action, who has paid taxes and water rents charged against the property prior to acquiring the interest of the life tenant to protect a tax lien held by it, is entitled to be reimbursed for the amounts paid.

While it is the duty of a life tenant to make all necessary repairs to the premises in order to maintain them in the condition in which he found them at the commencement of the life estate, expenditures for permanent improvements beneficial to the remaindermen may be apportioned.

*It seems*, that in some instances disbursements for reconstruction beneficial to the remaindermen may be apportioned.

MOTION to confirm report of referee.

*William H. Good,* for the plaintiff.

*William J. McDermott,* for Bella Kessler.

*Lewis & McNamara (Daniel McNamara, Jr.,* of counsel), for the defendant Nellie Kealy Collins.

*Maurice Raidman,* for the defendant Anna Kealy Albanese.

BENEDICT, J. This is a motion to confirm the report of the referee on title in a suit for the partition of real property. The referee was authorized to take evidence and report on certain claims made by the plaintiff, which acquired the interest of the life tenant of the whole premises and also an undivided interest in the remainder. It is about these claims that the controversy arises. I will state my views briefly:

1. The tax lien in the hands of the plaintiff is, in my opinion, a valid lien against the entire premises. It was such in the hands of the original purchaser from the city, who was a stranger and not interested in the premises. Although it was the duty of the life tenant, as between himself and the remaindermen, to pay the taxes, that duty did not affect the lien of the city, which covered the entire premises, and which passed to the original purchaser of the tax lien. That lien was not impaired by the fact that the title to the life estate and to a part of the remainder came into the hands of the plaintiff, especially since it is shown that the intent was that these interests should not merge.

2. Plaintiff is entitled to be repaid the amounts which, prior to acquiring the interest of the life tenant, it paid for taxes and water rents, in order to protect its tax lien. See Thomas Mort. (3d ed.) § 279.

3. As to the amounts expended for labor performed on and materials furnished for the premises, the referee's report does not contain sufficient information to enable me to determine whether or not any part of such expenditures is chargeable to the remaindermen. There is no statement as to what the work was, nor as to the purposes for which the materials were used. It is the duty of the life tenant to make all ordinary repairs in order to maintain the premises in the condition in which they are at the commencement of the life estate. Expenditures for permanent improvements,

and perhaps in some instances for reconstruction, beneficial to the remaindermen, may be apportioned. Counsel have not favored me with any references to those parts of the testimony, which is rather voluminous, bearing upon this question.

I will give counsel on each side an opportunity to submit within three days a further memorandum, calling my attention to such evidence relating to the repairs as they think bears on the question as to whom they should be chargeable.

Ordered accordingly.