John H. Gordon and Others, Plaintiffs, *v.* Dora Schroeder and Others, Defendants.*

Supreme Court, Queens County, December 16, 1930.

*Hallinan & Groh [Raymond A. McCourt* of counsel], for the plaintiff.

*Frederick W. Ritter*, for the defendants.

Humphrey, J. This is a motion by defendant Dora Schroeder for confirmation of the report of the referee in partition.

It appears that the premises involved consist of a one-family frame dwelling and that the same has been occupied by Dora Schroeder since the death of her mother, Mary Gordon. In 1914 Mary Gordon died intestate, leaving surviving her, her husband, a son, John H. Gordon, and two daughters, the plaintiff Helen Henninger and the defendant Dora Schroeder. Since the mother's

* Modfg. 138 Misc. 338.

death the father, the son and daughters continued to live in the premises, the son for about a year and Mrs. Henninger until 1920. The father, who was an old man, left to live with Mrs. Henninger in 1925, and in 1927 he died. Dora Schroeder occupied the premises with her two children and paid all the expenses incurred in connection with the property except some interest payments. It further appears, as found by the referee, that Dora Schroeder rented one of the rooms to a lodger for a period of years and received seven dollars per week therefor.

The referee has allowed her for a two-thirds share of her expenditures, except for the installation of electrical fixtures, and has charged her with a two-thirds share of the room rent. I am unable to agree with the conclusions of the referee. Under the circumstances herein she should not be charged for the room rent received by her. She was in possession of the entire premises and the money received by her was merely incidental and helped her to maintain the premises. (*Kirchgassner* v. *Rodick*, [1898] 170 Mass. 543; cited in note, 27 A. L. R. 193, 194.) However, as she is not chargeable with rent received, she should not be allowed for expenses incurred in the maintenance of the premises such as for taxes, water charges, mortgage interest, repairs, insurance, plumbing, painting and carpentry work. (*Clute* v. *Clute*, 197 N. Y. 439.) She should be allowed a two-thirds share for assessments paid amounting to $452.24, and in the expenditure of $11.80 for drawing and recording an assignment of mortgage. (*Clute* v. *Clute, supra.*) She should also be allowed a two-thirds share for the steam heat installation, amounting to $450, and in the expenditure of $80.23 for electrical work, as the house was an old house and did not have such modern facilities, and it would be inequitable under the circumstances here to permit her brother and sister to reap the benefits of these improvements which will undoubtedly result in an increase in price on the sale of the premises. As Mrs. Henninger has paid mortgage interest amounting to $285, Doris Schroeder should be charged with this sum.

It will be unnecessary to again refer the matter, as the referee's report in all other respects should be confirmed. Submit order on notice in accordance herewith.