JULIA VLCEK, Also Known as JULIA VLCKOVA, et al., Appellants, v. MATILDA VLCEK et al., Respondents.

Third Department, August 2, 1973.

*Wolf, Popper, Ross, Wolf & Jones* (*Elliot Pecker* and *Vito J. Cassan* of counsel), for appellants.

*Earl D. Butler* for respondents.

MAIN, J. This is an appeal from a judgment of the County Court in favor of the plaintiffs, entered November 28, 1972 in Broome County, upon a decision of the court at a Trial Term, without a jury. This action was instituted pursuant to article 9 of the Real Property Actions and Proceedings Law for the partition of real property. The subject parcel is located in the Town of Vestal, Broome County, and was purchased by the late Stephen Vlcek and defendant Matilda Vlcek on June 25, 1948.

The plaintiffs base their demand for a partition upon their past relationship to Stephen Vlcek. In 1922, Julia Vlcek married Stephen in Czechoslovakia and she continued to be his wife until he died intestate in 1958. The remaining plaintiffs are children born of this marriage.

At some time prior to 1933, Stephen left his family behind in Czechoslovakia and emigrated to the United States. He then met Matilda and the two took up residence together. Although they never married, they did have a son, the defendant Louis Vlcek, born in 1935. They lived with their son on the disputed property until Stephen's death in 1958. Thereafter, on August 1, 1958, Matilda conveyed the property to herself and Louis, and these two refinanced the house on a number of occasions. Doing much of the work himself, Louis undertook extensive repairs and renovations to the house, and he and his wife have

continued to live upon the premises since their marriage in 1962, while Matilda moved out in 1966.

The court below held, *inter alia,* that Stephen and Matilda held the subject property as tenants in common; that plaintiffs' claim was not barred either by laches or because the plaintiffs were aliens; and further held that the plaintiffs were entitled to a judgment of $585, that amount being one half of the principal payments on the mortgage paid by Stephen and Matilda prior to Stephen's death and being the only contribution to the purchase, upkeep and improvement of the property that could be attributed to Stephen. It is from this judgment that plaintiffs appeal.

We agree with the trial court that Stephen and Matilda held this property as tenants in common. There is a statutory presumption in favor of such a tenancy and against a joint tenancy (EPTL 6–2.2, subd. [a]), and this was not rebutted by any express language of survivorship (cf. *Gaza* v. *Gaza,* 247 App. Div. 837, affd. 272 N. Y. 617) or any language negating a tenancy in common (*Clearo* v. *Cook,* 11 Misc 2d 916). Furthermore, as Stephen and Matilda were never married, there can be no tenancy by the entirety. (*Hildebrand* v. *Hildebrand,* 25 A D 2d 698.)

However, the court below, in making an award to the plaintiffs, misconstrued section 943 of the Real Property Actions and Proceedings Law which is applicable only where there has been an actual physical partition of the property, which is not strictly proportionate to the conflicting equities and mandates a payment to equalize the situation of the parties. (*Eisner* v. *Curiel,* 20 Misc. 245; 14 Carmody-Wait 2d, New York Practice, § 91:161.) Where, as here, no partition has been accomplished, section 943 of the Real Property Actions and Proceedings Law is inapplicable.

The only relief available in an action for partition is the actual physical partition of the property, or, if that be inequitable, sale of the entire parcel and division of the proceeds (Real Property Actions and Proceedings Law, § 915). To properly implement this procedure, we must, pursuant to section 915 of the Real Property Actions and Proceedings Law, remit this case for a trial, to determine whether there is to be a physical partition or a sale and to determine the rights, shares and interests of the contending parties.

While every dispute of this kind must be resolved upon its own facts and surroundings and the equities of each cotenant must be taken into account (*Ford* v. *Knapp,* 102 N. Y. 135).

there are certain guidelines to be considered. Thus, a sale should be directed only where actual partition cannot be made without great prejudice to the owners. (*Harlem Sav. Bank* v. *Larkin*, 156 App. Div. 666, app. dsmd. 209 N. Y. 564.) In considering the various equities, the court should allow the reasonable value of improvements and repairs to the property, if they were made in good faith and are of substantial benefit to the premises. (*Satterlee* v. *Kobbe*, 173 N. Y. 91; *Ford* v. *Knapp, supra.*) Likewise, disparities in down payments (*Perrin* v. *Harrington*, 146 App. Div. 292) and mortgage payments (*Barker* v. *Barker*, 172 App. Div. 244) are factors to be considered, and allowance may, in some cases, even be made for tax payments by one cotenant for the benefit of another (*Adams* v. *Bristol*, 126 App. Div. 660, affd. 196 N. Y. 510). However, as to tax payments, if they were made by the cotenant in the mistaken belief that he was the sole owner of the property, he will be granted an allowance only as against a claim for his use or occupation (cf. *Cardwell* v. *Clark*, 94 Misc. 433) or for rents received by him (cf. *Gordon* v. *Schroeder*, 138 Misc. 688). Rental payments should not be charged to a tenant in common who simply occupies the premises himself, unless he has agreed to pay them or has ousted his cotenant or has denied his cotenant the use of the property. (*Le Barron* v. *Babcock*, 122 N. Y. 153; *Eldridge* v. *Wolfe*, 129 Misc. 617.)

The judgment should be reversed, on the law, and the matter remitted for further proceedings not inconsistent herewith, without costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and REYNOLDS, JJ., concur.

Judgment reversed, on the law, and matter remitted for further proceedings not inconsistent herewith, without costs.