ANTHONY PRIZZIA et al., Respondents, v KATHLEEN PRIZZIA, Also Known as CATHERINE PRIZZIA, et al., Appellants.—Appeal from an interlocutory judgment of the Supreme Court at Special Term, entered September 27, 1976 in Ulster County, which confirmed a Referee's report, partitioned certain real property among the parties and ordered that the remaining property held in common be sold and the proceeds distributed to the parties. Appellants contend that the interlocutory judgment directs an inequitable division and apportionment of the property in question, and urge either its reversal or that the judgment of partition be modified in accordance with certain other alternatives offered by appellants to the partition as recommended by the Referee and adopted by Special Term. On this record we find that the claimed inequities in the distribution of the property have no basis in fact. The appellants consented to an order of reference, made pursuant to section 911 of the Real Property Actions and Proceedings Law, which directed the Referee to ascertain the rights, shares and interests of the parties. In this proceeding appellants sought to enforce an agreement entered into by the parties in 1958 as tenants in common of the subject property, entitling each of them to one acre lots having the same frontage as a similar lot conveyed to the plaintiff Rosario Prizzio at the time the agreement was entered into. The parties agreed to submit this controversy to the Referee with the 1958 agreement as a guideline. The order of reference directed the Referee "to report whether the property or any part

thereof is so circumstanced that a partition thereof cannot be made without great prejudice to the owners and in such event to report whether a partition in kind to the extent of one acre lots to the parties hereto, other than the plaintiff, Rosario Prizzia, can be made without great prejudice to the owners." In his report the Referee recommended that appellants were to receive lots with 85 feet more frontage and 42% more acreage than required by the 1958 agreement. Clearly, the recommendation is fair and equitable, and appellants have made no showing to the contrary. The alternatives submitted by appellants to the partition as directed by Special Term are nothing more than an attempt to substitute their view of an equitable distribution for that of the court as recommended by the Referee. In any event, the sale of the entire property, offered as one of the alternatives, could not be pursued in this case since the statute permits such a sale only where the property cannot be partitioned without great prejudice to the owners (*Vlcek v Vlcek,* 42 AD2d 308, 311; Real Property Actions and Proceedings Law, § 915). Having failed to show great prejudice, or, indeed, any inequity, appellants would not be entitled to this option. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.