■ In the Matter of ARLENE E. RICE, Respondent, v EDWARD R. RICE, Appellant. — In a support proceeding, pursuant to articles 4 and 5-A of the Family Court Act, the husband appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Whiting, J.), dated June 5, 1982, as, after a hearing, in effect denied that branch of his petition which sought certain credits to be applied against arrears in child support and fixed the same in the sum of $5,340. Order modified, on the facts and as an exercise of discretion, by deleting the provision fixing arrears in the amount of $5,340 and substituting therefore a provision fixing arrears in the amount of $2,650. As so

modified, order affirmed insofar as appealed from, without costs or disbursements. In fixing the amount of accrued arrears under an order of the Family Court, Suffolk County, dated May 14, 1976, which directed, *inter alia,* that the husband pay support of $30 per week for three children, the Family Court should have credited against said arrears, moneys falling due after two of the children, Larry and June, became emancipated (see Family Ct Act, § 458; *Matter of Ciaravino v Ciaravino,* 58 AD2d 722). Moreover, under the circumstances herein, credit should be retroactive from the dates on which each child became emancipated. At the hearing held on June 3, 1982, it was established that both Larry, as of November, 1977, and June, as of November 1, 1981, supported themselves through full-time employment and did not receive support from their mother or the Connecticut Department of Income and Maintenance. Accordingly, with regard to Larry, the father is entitled to a credit of $10 per week for 238 weeks (November 7, 1977 through June 3, 1982), in the sum of $2,380; and with regard to June, the father is entitled to a credit of $10 per week for 31 weeks (November 1, 1981 through June 3, 1982), in the sum of $310, for a total credit of $2,690, to be applied against the arrears in the sum of $5,340, as set by the Family Court. Accordingly, the amount fixed as arrears in child support is reduced to $2,650. Further reduction of arrears is not warranted for periods of visitation by three of the children with the father under the circumstances presented herein. Damiani, J. P., Titone, Gulotta and Rubin, JJ., concur.