■ ALBERT OLIVA, Appellant, v FRANCES E. OLIVA, Respondent.—In an action for the partition of real property, the plaintiff appeals from so much of a judgment of the Supreme Court, Rockland County (Edelstein, J.), dated June 9, 1986, as confirmed in all respects the Referee's report, dated May 2, 1985, and ordered the net proceeds of the sale of the parties' former marital residence be distributed with the plaintiff's

account debited for one half the amount of an Internal Revenue Service lien in the amount of $13,099.63, and limited his award of costs to $370.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff's various claims for adjustments in the distribution of the proceeds from the partition sale are without merit. A tenant in common has the right to take and occupy the whole of the premises and preserve them from waste and injury, so long as he does not interfere with the right of a cotenant to also occupy the premises (see, Jemzura v Jemzura, 36 NY2d 496, 503; Valentine v Healey, 158 NY 369, 374; Johnson v Depew, 38 AD2d 675, appeal dismissed 30 NY2d 565). It follows that the occupancy by one of the tenants in common in and of itself does not make the occupant liable to the cotenant for rent of the premises or for use and occupation (see, Jemzura v Jemzura, supra).

In the case at bar, following the defendant's period of exclusive possession, the plaintiff was granted summary judgment in this partition action resulting in the termination of the cotenancy. Furthermore, the court's direction that the defendant maintain her exclusive possession of the marital property did not continue the term of the cotenancy. A partition action, although statutory, is equitable in nature and the court could compel the parties to do equity between themselves when adjusting the distribution of the proceeds of sale (Worthing v Cossar, 93 AD2d 515, 517; 24 NY Jur 2d, Cotenancy and Partition, § 242). Thus, the court could direct that the defendant maintain her exclusive possession of the marital abode in order to ensure her safety and welfare until the time of sale without continuing the cotenancy (Worthing v Cossar, supra, 14 Carmody-Wait 2d, NY Prac § 91:242). Therefore, the plaintiff did not have a right to occupy the premises, and his being precluded from occupancy did not amount to an ouster. Accordingly, the plaintiff is not entitled to reimbursement for the full rental value of the property from the time the defendant's exclusive right of possession ended until the time the property was sold.

Similarly without merit is the plaintiff's claim for credit for payment toward amortization of the mortgage. Where a cotenant agrees to contribute to the payment of a mortgage on property owned in common with another, the nonpaying cotenant's share will not be charged on a subsequent partition with one half the amount of the mortgage (see, 14 Carmody-

Wait 2d, NY Prac § 91:248). Here, the plaintiff stipulated, and a judgment of divorce provided, that the plaintiff would contribute to the total costs of maintaining the defendant and their children in their home. It was clearly the intent of the parties that the defendant would receive the benefit of the plaintiff's contribution. Accordingly, the plaintiff's claim for reimbursement is contrary to the intention of the parties' agreement and is, therefore, denied.

Finally, we find that the court did not abuse its discretion in denying the plaintiff an additional allowance for costs under CPLR 8303 (a) (3). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.