■ RICHARD GRALICER, Respondent, v ELIZABETH JOHNSTONE, Individually and as Administratrix of the Estate of JOHN JOHNSTONE, Deceased, Appellant.—In an action, inter alia, for the partition of real property, the defendant appeals from a judgment of the Supreme Court, Rockland County (Kelly, J.), entered June 9, 1987, which, upon an order of the same court, entered March 6, 1987, confirming a report of a Referee, dated September 8, 1986, is in favor of the plaintiff and against her in the principal sum of $26,233.16 (representing $21,774.60 for the use and occupancy of the property and $4,458.56 for reimbursement for mortgage payments). The notice of appeal from the order is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is modified, on the law and the facts, by deleting the provision awarding the plaintiff $21,774.60 for the use and occupancy of the premises; and as so modified, the judgment is affirmed, with costs to the defendant.

From 1961 to November 25, 1980, the defendant Elizabeth Johnstone and her late husband John were tenants in common with Elizabeth's sister, Cyrene Lanzara. They were the owners of an undivided one-half share, while Lanzara owned the other half. On November 25, 1980, the half share of the Johnstones was acquired by the plaintiff as a result of a Sheriff's auction held to enforce a judgment obtained against them by one of the plaintiff's clients. The Johnstones re-

mained in sole possession of the premises, which was their home, with the consent of Lanzara. Beginning January 15, 1981, there were telephone conversations and letters between the parties with respect to the Johnstones' continued occupation of the premises. On July 16, 1981, Lanzara transferred her one-half interest to the Johnstones. On or about November 20, 1981, the plaintiff commenced this action, *inter alia,* for partition, for damages based upon waste, the reasonable rental value for use and occupation based on an ouster by the Johnstones, and for attorney's fees.

A Referee, to whom the matter was directed, found that the Johnstones had ousted the plaintiff based on the telephone conversations the plaintiff had with the Johnstones and his subsequent letters. On appeal, defendant challenges the Referee's finding.

We find that the Referee erroneously concluded that an effective ouster had occurred between the time that the Johnstones continued to occupy the premises with the consent of the plaintiff's cotenant and the time they acquired the other one-half interest in the property held by Lanzara. During that time, they were not the plaintiff's cotenant and the plaintiff could not recover from them based on the theory of an ouster by a cotenant. After the date the Johnstones and the plaintiff became co-owners as tenants in common, the record does not disclose any action by the Johnstones which would amount to an effective ouster *(see, Knowlton Bros. v New York Air Brake Co.,* 169 App Div 324, 334). After that date, the Johnstones' occupation of the house did not, standing alone, constitute an ouster because, as tenants in common, they had a right to occupy the whole of the premises *(see, Jemzura v Jemzura,* 36 NY2d 496; *Oliva v Oliva,* 136 AD2d 611). Nor were they liable for the payment of rent to the plaintiff without there being an ouster *(see, Jemzura v Jemzura, supra).* Therefore, the Referee's award on this issue was erroneous.

Further, as to the defendant's other contentions, we find that they are either without merit or have been rendered academic in light of our determination with regard to the damages awarded upon the alleged ouster of the plaintiff. Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.