■ MILTON GOLDBERG, Respondent, v HAROLD GOLDBERG, Appellant.—In an action for the partition of real property, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered December 15, 1989, as granted the plaintiff summary judgment partitioning the property, and directed an accounting.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant are brothers and the only children of Minnie Goldberg, the owner of certain real property in the Town of Rye. The plaintiff and the defendant became tenants in common in the subject real property when their mother died intestate in 1966.

The defendant occupied the property with his mother and continued to live there after her death. Apparently, the defendant made the mortgage payments and paid 100% of the real estate taxes. The plaintiff never occupied the property. However, the plaintiff was responsible for the maintenance of an account to which income from the property was deposited and from which certain expenses of the property were paid.

In 1988, the plaintiff commenced this partition action seeking a sale of the property and an accounting. In his answer, the defendant raised, *inter alia,* the affirmative defense of unclean hands. According to the defendant, in 1980 he discovered that the plaintiff had embezzled funds from the property maintenance account circa 1970. The defendant claims that the plaintiff also committed forgery in 1970 when he fraudulently endorsed the defendant's name on a check payable to the defendant and used the funds for his own personal use. The defendant counterclaimed for an accounting and for an adjudication of the rights and interests of the parties in the property.

The defendant argues that the court erred by granting a 50% interest in the property to the plaintiff, by failing to sustain the defendant's affirmative defense of unclean hands, and by denying the defendant's request for a jury trial. We disagree.

The plaintiff's interest in the property was created by operation of law when his mother died intestate *(see,* EPTL 4-1.1, 6-2.2 [e]). Thus, in order for the plaintiff to relinquish his right to bring a partition action, the Statute of Frauds requires the surrender of that interest in real property to be in writing *(see, Steinberg v Singer,* 5 Misc 2d 278). The defendant's conduct in paying the real estate taxes and the mortgage payments cannot be interpreted as destroying the plaintiff's interest in the property. If the defendant paid more than his fair share of the upkeep expenses, mortgage payments, or taxes, the defendant's remedy is to seek an allowance or credit against the plaintiff in the partition suit *(see,* 24 NY Jur 2d, Cotenancy and Partition, §§ 70, 77, 246, 247).

Further, since the doctrine of unclean hands is only available when the conduct relied on is directly related to the subject matter of the litigation *(see, Mehlman v Avrech,* 146 AD2d 753), the defendant has failed to sustain the defense. Although it is alleged that the plaintiff embezzled funds from an account which was used to pay expenses of the subject property, the defendant's claim against the plaintiff does not

relate to the property. The defendant's claim that the plaintiff owes him money should not bar the plaintiff's right to partition. The court ordered an accounting for the purpose of making any adjustments that equity requires in the distribution of the proceeds from a sale of the property.

Finally, by virtue of his equitable counterclaims, the defendant has waived his right to a jury trial (see, Seneca v Novaro, 80 AD2d 909). Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.