■ CHESTER K. WAWRZUSIN, Respondent-Appellant, v LORRAINE T. WAWRZUSIN, Appellant-Respondent. [623 NYS2d 255] —In an action for the partition and sale of real property and for an accounting, (1) the defendant appeals, as limited by her brief, from stated portions of an interlocutory judgment of the Supreme Court, Suffolk County (Baisley, J.), entered February 2, 1993, which, after a nonjury trial, is in favor of the plaintiff and against her, *inter alia,* directing the partition and sale of the real property and dismissing her counterclaim to be reimbursed for improvements to the real property, and (2) the plaintiff cross-appeals from so much of the same interlocutory judgment as dismissed his cause of action for an accounting.

Ordered that the interlocutory judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

RPAPL 943 and 945 provide that, in a partition action, the court may adjust the rights of the parties where one party receives more than his or her proper proportion of the rents or profits from the property. While an accounting is necessary

where there is evidence that one party has received a disproportionate share of the rents or profits from real property, there must be evidence that the party from whom an accounting is sought actually received the rents and profits *(see, Grossman v Baker,* 182 AD2d 1119; *see also, Goldberg v Ochman,* 143 AD2d 255, 258; *Worthing v Cossar,* 93 AD2d 515).

In the present case, the record indicates that the defendant's second husband constructed an addition to the residence while the defendant was in exclusive possession of the property for the sole purpose of providing a home for the defendant's daughter. Although the daughter paid some rent to the defendant, the record further indicates that the defendant and her husband considered the payments to be a contribution toward the cost of building the addition, and they never determined the fair market rental value of the addition, nor did they intend to rent it to nonfamily members *(see, Gordon v Schroeder,* 138 Misc 688). Under the circumstances, the money collected by the defendant is not in the nature of rents and does not represent profit. Therefore, the plaintiff is not entitled to an accounting.

Although, generally, a tenant in common may be allowed reimbursement for repairs which are necessary to protect or preserve the property, there is insufficient evidence in the record to support the defendant's claim for a credit for such repairs *(see, Worthing v Cossar, supra,* at 518; *see also, Kraker v Roll,* 100 AD2d 424). Further, the defendant's claim for reimbursements for the cost of the addition to the residence was properly dismissed since a co-tenant is not entitled to an allowance for improvements which are not in the nature of repairs or restoration and are made for the co-tenant's own purposes without the agreement or consent of the other co-tenants *(see, Cosgriff v Foss,* 152 NY 104; *Scott v Guernsey,* 48 NY 106; *Peerless Candy Co. v Kessler,* 123 Misc 735; *see also,* 14 Carmody-Wait 2d, NY Prac, § 91:251).

Contrary to the defendant's contention, any alleged arrears in the payment of child support and/or maintenance obligations would not act as a bar to the plaintiff's right to seek a partition *(see, Grossman v Baker, supra; Goldberg v Goldberg,* 173 AD2d 679). Moreover, although a counterclaim for arrears may be asserted by a former spouse in a partition proceeding *(see, Luvera v Luvera,* 119 AD2d 810; *Maisto v Maisto,* 75 AD2d 886), upon review of the record we agree with the Supreme Court's finding that the defendant failed to adduce sufficient evidence to support her claim for arrears.

The defendant's remaining contentions are without merit or unpreserved for appellate review. Balletta, J. P., Thompson, Joy and Florio, JJ., concur.