■ ROBERT T. PHELAN, Appellant, v LINDA SCHWEEN PHELAN, Respondent. [663 NYS2d 645] —In an action to partition real prop-

erty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated October 21, 1996, as denied his motion to vacate or modify the Referee's report.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Referee properly determined that the plaintiff's outstanding child support obligation was $25 per child per week. A decision of the Family Court, Dutchess County, dated June 10, 1982, made in a prior support and custody proceeding, directed the plaintiff to pay child support in the amount of $25 per child per week. This decision was binding on all courts of coordinate jurisdiction notwithstanding that it was not embodied in a formal order (*see, Forbush v Forbush,* 115 AD2d 335; *Spahn v Griffith,* 101 AD2d 1011; *Matter of Silverberg v Dillon,* 73 AD2d 838). The decision was binding on the parties (*see, Atlas Feather Corp. v Pine Top Ins. Co.,* 122 AD2d 241, 242) and was not altered by subsequent orders in the support and custody proceeding.

Since the parties were to share the net rental income from the former marital residence, the defendant was entitled to an allowance for the expenses she paid toward mortgage interest, principal, and taxes (*see, Bailey v Mormino,* 6 AD2d 993). In addition, the record does not establish any basis for disturbing the defendant's allowance for repairs (*see, Wawrzusin v Wawrzusin,* 212 AD2d 779; *Worthing v Cossar,* 93 AD2d 515) or for the water bill and water softener (*cf., Gordon v Schroeder,* 138 Misc 688).

Finally, under the circumstances, the defendant was properly credited for her payment of insurance premiums. Copertino, J. P., Sullivan, Friedmann and Luciano, JJ., concur.