■ JUDITH FREIGANG, Appellant, v EDWARD R. FREIGANG, Respondent. [682 NYS2d 466] —In an action to partition real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated December 5, 1997, as granted the defendant's cross motion which was to modify the report of the Referee to the extent of directing reimbursement of the defendant for one-half of all payments made for mortgage, taxes, and insurance on the subject property from September 1975 to the date of sale from the plaintiff's share of the proceeds of the sale.

Ordered that the order is affirmed insofar as appealed from, with costs.

As conceded by the parties, the parties' judgment of divorce converted their ownership of the marital home from that as

tenants by the entirety to that as tenants in common, and either was entitled to seek partition (*see, Eller v Eller,* 168 AD2d 414; *Surlak v Fulfree,* 145 AD2d 79; 13 Warren's Weed, New York Real Property, Tenancy in Common, § 2.08 [1] [4th ed]). Partition, although statutory (RPAPL 9), is equitable in nature and the court may compel the parties to do equity between themselves when adjusting the distribution of the proceeds of the sale (*see, Oliva v Oliva,* 136 AD2d 611; *Worthing v Cossar,* 93 AD2d 515). Here, on the facts presented, including, *inter alia,* the plaintiff's abandonment of the former marital home and her lack of contribution to any expenses concerning the home since 1975, the Supreme Court did not err in determining that the defendant was entitled to reimbursement for one-half of payments made for mortgage, taxes, and insurance since September of 1975 (*see, Phelan v Phelan,* 243 AD2d 693; *Goldberg v Goldberg,* 173 AD2d 679; *Worthing v Cossar, supra*; *Doyle v Hamm,* 52 AD2d 899).

Contrary to the plaintiff's contentions, reimbursement should not have been denied based on either an "ouster" pursuant to an order dated September 16, 1975, or based on the defendant's exclusive use and occupancy of the property. A tenant in common "has the right to take and occupy the whole of the premises and preserve them from waste and injury, so long as he does not interfere with the right of a cotenant to also occupy the premises" (*Oliva v Oliva, supra,* at 612; *see also, Graciler v Johnstone,* 144 AD2d 436). Thus, the mere fact that a tenant enjoys exclusive use of a property held in common, without more, does not either preclude reimbursement from a cotenant of expenditures concerning the property (*see, e.g., Goldberg v Goldberg, supra*; *Phelan v Phelan,* 148 AD2d 433; *Worthing v Cossar, supra*; *Doyle v Hamm, supra*) or constitute an "ouster" of a cotenant (*see, Graciler v Johnstone, supra*; *Oliva v Oliva, supra*). Here, the plaintiff does not, and cannot, dispute the finding that the defendant never acted in any manner to prevent her use and enjoyment of the property.

Further, the court's order dated September 16, 1975, did not constitute an "ouster" of the plaintiff (*compare, Borock v Fray,* 220 AD2d 637; *Oliva v Oliva,* 136 AD2d 611, *supra*). Significantly, the plaintiff did not testify or even allege that she was in any way precluded from the former marital home based on the order. Rather, it appears from the record that she was free to come and go as she pleased and that her absence was wholly voluntary. Further, the right to exclusive use of the home was only temporarily transferred to the defendant in order to preserve the property after it was discovered that the plaintiff

had abandoned the property without notice and fled the jurisdiction. Indeed, the order dated September 16, 1975, was, by its express terms, only temporary until a hearing scheduled for October 2, 1975, which, apparently due wholly to the fault of the plaintiff, never occurred. The plaintiff should not be heard to argue that a temporary order granted as a prophylactic measure was converted, by virtue of her own neglect, into a permanent decree which "ousted" her from the premises. In sum, it would be highly inequitable to permit the plaintiff, who has done nothing to maintain or pay for the house since 1975, to argue that her neglect and inaction should inure to the detriment of the defendant, and should result in the sale of the home and the award to her of one-half of the proceeds therefrom without reimbursement to the defendant of the plaintiff's share of the expenses incurred in maintaining the home. Bracken, J. P., Ritter, Copertino and Florio, JJ., concur.