■ MILTON BERLIN, Respondent, v PATRICIA WOJNAROWSKI, Appellant, et al., Defendants. [820 NYS2d 855]—

In an action for the partition of real property, the defendant Patricia Wojnarowski appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk County (Pitts, J.), dated April 15, 2005, which, inter alia, granted those branches of the plaintiff's motion which were to confirm those portions of the report of the Referee which, following a hearing, determined, among other things, that the property should be sold to effect partition, that the plaintiff was entitled to an undivided one-half interest in the proceeds from the sale of the property, less the expenses of the reference, sale, and the Referee's fee, and that the plaintiff was not obligated to compensate the defendant Patricia Wojnarowski for his share of the mortgage and taxes on, and major repairs and improvements to, the subject premises.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provisions thereof granting those branches of the plaintiff's motion which were to confirm those portions of the report of the Referee which determined that the plaintiff was entitled to an undivided one-half interest in the proceeds from the sale of the property, less the expenses of the reference, sale, and the Referee's fee, and that the plaintiff was not obligated to compensate the defendant Patricia Wojnarowski for his share of the mortgage and taxes on, and major repairs and improvements to, the subject premises, and

substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Patricia Wojnarowski, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

Pursuant to a 1969 separation agreement between the defendant Patricia Wojnarowski (hereinafter the appellant) and her former husband, the appellant was given exclusive occupancy of the subject premises. Her former husband was obligated to, but failed to, pay the mortgage and taxes thereon. As a result, the appellant paid the mortgage and taxes, and made repairs and improvements to the premises at her sole expense. The plaintiff acquired the former husband's interest in the premises for $525 on March 9, 1971. The appellant and her former husband were not divorced until 1997 and the plaintiff commenced this partition action in 2001.

"A partition action, although statutory, is equitable in nature and the court could compel the parties to do equity between themselves when adjusting the distribution of the proceeds of sale" (*Cook v Petito,* 208 AD2d 886 [1994] [citation and internal quotation marks omitted]). The plaintiff should be required to compensate the appellant for his equitable share of the mortgage and taxes on, and major repairs and improvements to, the subject premises, from March 9, 1971 to the date the property is sold. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a determination of the foregoing issues, in accordance with a consideration of equitable principles, including the value of the appellant's life estate.

The parties' remaining contentions are without merit.

Motion by the respondent on an appeal from an order of the Supreme Court, Suffolk County, dated April 15, 2005, in effect, to dismiss the appeal on the ground that the appeal is barred by the doctrine of *Bray v Cox* (38 NY2d 350 [1976]), and to strike certain portions of the record and the appellant's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated September 15, 2005, the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Miller, J.P., Ritter, Skelos and Lifson, JJ., concur.