PATRICK KIERNAN, Appellant, v HANORA MARTIN, Respondent. [852 NYS2d 351]—

In an action, inter alia, for the partition and sale of real property, the plaintiff appeals (1), as limited by his brief, from so much of a judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated January 17, 2006, as, after a nonjury trial, and upon directing the partition and sale of the subject property, in effect, directed that the net proceeds of the sale be divided equally without credit to him for mortgage and tax payments he allegedly made on the subject property, and for expenses he allegedly incurred for improvements to the subject property, (2) from an order of the same court dated July 12, 2006, which granted the defendant's motion for the appointment of a referee to conduct a sale of the subject property, and (3) from an order of the same court dated July 31, 2006, which, upon the judgment and the order dated July 12, 2006, appointed a referee, directed the immediate sale of the subject property, and directed that the net proceeds of the sale be divided equally in accordance with the judgment.

Ordered that the appeals from the order dated July 12, 2006 and so much of the order dated July 31, 2006 as appointed a referee and directed the immediate sale of the subject property are dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 31, 2006 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Although statutory, a partition action is equitable in nature and the court may compel the parties to do equity between themselves when adjusting the distribution of the proceeds of sale (see Berlin v Wojnarowski, 32 AD3d 810, 811 [2006]; Cook v Petito, 208 AD2d 886 [1994]; Oliva v Oliva, 136 AD2d 611, 612 [1988]). Here, the Supreme Court properly determined the equities between the parties, and its determination to distribute the net proceeds of the sale of the subject real property between the parties in accordance with their ownership interest is supported by the record. Based upon the trial testimony and the documentary evidence, the plaintiff failed to substantiate his entitlement to a greater share of the sale proceeds as reimbursement for mortgage and tax payments he allegedly made on the subject real property, and for expenses he allegedly incurred for improvements to the subject real property (see Frater v Lavine, 229 AD2d 564 [1996]; Wawrzusin v Wawrzusin, 212 AD2d 779, 779-780 [1995]).

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.