■ JONATHAN J. BUSKE, Respondent, v MARY P. GANNON, Appellant, et al., Defendants. [909 NYS2d 671]—In an action for the partition and sale of real property, the defendant Mary P. Gannon appeals, as limited by her brief, (1) from stated portions of an order of the Supreme Court, Westchester County (Colabella, J.), entered October 1, 2009, which, inter alia, granted those branches of the plaintiff's motion which were to reject the fifth paragraph of a referee's report dated April 8, 2009, and to modify the sixth, seventh, and tenth paragraphs of the referee's report to comport with a methodology for applying the parties' credits and dividing the proceeds of the sale of the subject property as set forth in an interlocutory judgment of the same court dated March 11, 2008, as modified by an order of the same court entered January 5, 2009, and (2) from stated portions of a judgment of the same court dated February 9, 2010, which, upon the interlocutory judgment and the orders entered January 5, 2009, and October 1, 2009, respectively, among other things, directed the referee to disburse the sum of $28,125.47 (the sum remaining from the net proceeds of the sale), by paying the sum of $27,170 to the plaintiff's counsel and the sum of $955.47 to the defendant Mary P. Gannon's counsel.

Ordered that the appeal from the order entered October 1, 2009, is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"Partition, although statutory (RPAPL 9), is equitable in nature and the court may compel the parties to do equity between themselves when adjusting the distribution of the proceeds of the sale" (*Freigang v Freigang*, 256 AD2d 539, 540 [1998]; *see Brady v Varrone*, 65 AD3d 600, 602 [2009]; *Hunt v Hunt*, 13 AD3d 1041, 1042 [2004]). We decline to disturb the

methodology employed by the Supreme Court in determining the parties' respective entitlements to the net proceeds of the sale. Under the circumstances of this case, the Supreme Court achieved an equitable result. Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.