■ VASILIOS KONIOSIS et al., Appellants, v PETER TSOROROS et al., Respondents. ALENA SARA WEISERBS, Nonparty Respondent. [920 NYS2d 403]—

In an action, inter alia, for the partition of real property, the plaintiffs appeal, as limited by their brief, from stated portions

of an order of the Supreme Court, Kings County (Jacobson, J.), dated January 8, 2010, which, inter alia, denied those branches of their motion which were to reject those portions of the final report of a referee which declined (a) to credit the plaintiffs Vasilios Koniosis and Julia Koniosis with one half of the sum of $25,992.72, allegedly maintained in a certain bank account, (b) to disallow certain disbursements made by the defendant Peter Tsororos, (c) to either direct the defendant Peter Tsororos to replenish the operating account referable to the subject real property by approximately $11,800 in disallowed expenses, or to credit the plaintiffs Vasilios Koniosis and Julia Koniosis with one half of that amount, (d) to direct that the defendant Peter Tsororos be responsible for any management fees payable to 86th Street Realty, Ltd., and (e) to direct that the defendant Peter Tsororos pay the attorney's fee incurred by the mortgage creditor of the premises, granted that branch of the cross motion of the defendant Peter Tsororos which was to confirm stated portions of the referee's final report dated September 15, 2009, directed the plaintiffs Vasilios Koniosis and Julia Koniosis to evenly share, with the defendant Peter Tsororos, in the payment of the management fee due and owing to 86th Street Realty, Ltd., and directed the plaintiffs Vasilios Koniosis and Julia Koniosis to evenly share, with the defendant Nicholas Tsororos, in the payment of the attorney's fee assessed by the mortgage bank.

Ordered that the appeal by the plaintiff Bay Ridge Windows & Doors Corp. is dismissed as abandoned (see 22 NYCRR 670.8 [a]), and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiffs Vasilios Koniosis and Julia Koniosis, with costs to the defendant Peter Tsororos.

At issue here is property located in Brooklyn (hereinafter the premises). The premises were formerly owned by the defendants Nicholas Tsororos (hereinafter Nicholas) and Peter Tsororos (hereinafter Peter), who are brothers, as tenants in common. The plaintiff Vasilios Koniosis was sole shareholder of the plaintiff Bay Ridge Windows & Doors Corp. (hereinafter Bay Ridge), which was a commercial tenant of the premises.

On September 27, 2004, Nicholas sold his 50% interest in the premises to Vasilios Koniosis and his wife, the plaintiff Julia Koniosis (hereinafter together the plaintiffs). The complaint alleges that, as part of the purchase agreement, the plaintiffs agreed to pay Nicolas's 50% share of the mortgage payments on a preexisting mortgage from the Independence Community Bank (later Sovereign Bank, hereinafter the mortgage bank).

In January 2005, the instant partition action was commenced. In an order dated January 23, 2006, Alena Sara Weiserbs (hereinafter the Referee) was appointed as both referee and receiver. In her final report dated September 15, 2009, among other things, the Referee computed that, as of March 31, 2009, the mortgage bank's attorney's fee was $25,541.45, payable by Nicholas and the plaintiffs. Further, she requested payment of her own referee's fee in the sum of $42,228, and her receiver's fee in the sum of $30,903.44, asserting that they were payable by Peter and the plaintiffs.

By notice of motion dated October 1, 2009, the plaintiffs moved to reject portions of the Referee's final report, contending that the Referee erred in various respects. In the order appealed from, the Supreme Court rejected most of the plaintiffs' claims, but accepted others.

The Supreme Court correctly determined the motion and cross motion before it insofar as its determination is challenged on this appeal. Since the plaintiffs acknowledged that they never formed a partnership with Peter, but merely purchased a 50% interest in the premises, they had no right to sums in the bank account maintained for the operation of the premises prior to the transfer of title (cf. Ditmars-31' St. Dev. Corp. v Punia, 17 AD2d 357, 362 [1962]).

During the period between September 27, 2004, when the plaintiffs acquired their interest in the premises, and January 23, 2006, when the Referee was appointed, Peter deposited income from the premises and paid expenses from a bank account which he held jointly with his sister. The premises were operating at a deficit. The Referee, after accounting for income and disbursements, and disallowing approximately $11,800 in disbursements, determined that authorized disbursements exceeded income from the premises by no more than $2,885.62, and further determined that the plaintiffs, as cotenants, were responsible for one half of that sum. Accordingly, the sum of $11,800 was disallowed in determining the portion of the deficit owed to Peter and, as the Supreme Court recognized, no further remedy was required. Further, the Referee properly awarded reasonable management fees incurred to 86th Street Realty, Ltd., for its management of the premises prior to the appointment of the Referee, under a theory of quantum meruit (see Wehrum v Illmensee, 74 AD3d 796, 797-798 [2010]).

As the Supreme Court further held, the Referee properly found that Nicholas and the plaintiffs were jointly liable for the attorney's fee of the mortgage bank, because they effected the transfer of title without the knowledge or consent of the

mortgage bank. To the extent that such fee becomes part of the mortgage obligation, Peter may seek an allowance with regard to such obligation (*see Goldberg v Goldberg*, 173 AD2d 679, 681 [1991]). In their complaint, the plaintiffs acknowledged that, as a term of their purchase agreement with Nicholas, they agreed to pay 50% of the mortgage payments. Further, partition, although statutory (*see* RPAPL art 9), is equitable in nature, and the court may compel the parties to do equity between themselves when adjusting the distribution of the proceeds of a sale (*see Buske v Gannon*, 78 AD3d 634 [2010]).

With respect to the payment of the referee's and receiver's fees, the order appealed from states that the Referee requested referee's fees in the sum of $42,228 and receiver's fees in the sum of $30,903.44, and provides that those fees should be borne "equally" by Peter and the plaintiffs. The order, however, does not direct the payment of the referee's and receiver's fees, which have yet to be determined on motion. Since the Supreme Court did not determine the amount of those fees, the Referee's request for an award of fees remains pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979])

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur.