■ WILMA EPSTEIN, Respondent, v JEFFREY EPSTEIN, Appellant. [734 NYS2d 144] —Judgment, Supreme Court, New York County (Marjory Fields, J.), entered September 19, 2000, *inter alia*, distributing the parties' marital property, unanimously affirmed, without costs.

The engagement ring given by the husband to the wife was a gift and is therefore her separate property. The marriage turned a gift that was conditional into one that was unconditional. The husband's claim that the trial court failed to distribute the wife's jewelry overlooks the paragraph of the judgment distributing "other items of personal property located in the marital apartment," of which the wife's jewelry is a part. The trial court correctly refused to value or distribute the wife's stock options without evidence of their value from the husband (*see*, *Davis v Davis*, 128 AD2d 470, 475-476), and, indeed, the record strongly indicates that the options are worthless. The wife's profit sharing plan was correctly valued as of the commencement date of the action based upon evidence of her active engagement in its management (*see*, *Greenwald v Greenwald*, 164 AD2d 706, 716, *lv denied* 78 NY2d 855). The collection of penguin figurines was properly valued at $50,000 and properly distributed to the husband with a related distributive award to the wife of $25,000, based upon the parties' agreement as to the collection's fair market value, the husband's stated desire to retain the collection, and the absence of expert evidence to support the husband's assertion that the

expense of selling the collection would amount to 35% of its value. The husband's request for maintenance was properly denied upon evidence showing that while he may not have the wife's earning potential, he is self-supporting, in good health, needs no job training and has good employment prospects. The record does not support the husband's claims that he sustained reduced earning capacity as a result of forgoing career opportunities during the marriage, and that his present income and assets are insufficient to meet his needs. We have considered defendant's remaining contentions and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Williams, Tom and Friedman, JJ.