■ MAGGIE SHAI, Appellant, v YEHIEL SHAI, Respondent. [754 NYS2d 17] —Judgment, Supreme Court, New York County (Judith Gische, J.), entered August 8, 2001, which, after a nonjury trial in this matrimonial action, inter alia, awarded defendant husband $45,435 in equitable distribution, nondurational maintenance of $300 per month, and legal fees of $5,000, unanimously affirmed, without costs.

We perceive no basis to disturb the trial court's determination that the certificates of deposit (CDs) registered in the names of both parties constituted joint property. Plaintiff wife's registration of the CDs in both parties' names changed the character of the property from separate to marital property (see Diaco v Diaco, 278 AD2d 358; Coffey v Coffey, 119 AD2d 620, 622), and plaintiff failed to establish by clear and convincing evidence that the joint account was opened as a matter of convenience only (see Kosovsky v Zahl, 257 AD2d 522; Krinsky v Krinsky, 208 AD2d 599, 600). Plaintiff herself testified that she had shown the CDs to the husband and had "always kept him posted" as to their amounts, and that she retained other separate CDs in her name.

Contrary to plaintiff's argument, the trial court, in awarding nondurational maintenance to defendant, weighed the appropriate factors and properly exercised its discretion in light of the parties' predivorce standard of living and reasonable needs. Although the parties had lived modestly, they had had a long-term marriage in which the wife was the primary wage earner, and it was plain that without a maintenance award,

the husband's standard of living would fall below that which he had enjoyed prior to the parties' separation. The decision to award permanent maintenance was warranted since, in light of the husband's age, education and skills, it was unlikely that his earning capacity would increase. While there was evidence that the husband would be able to support himself to some extent, the evidence also showed that he would not be capable of becoming self-supporting "at a level roughly commensurate with the marital standard of living" (*Summer v Summer*, 85 NY2d 1014, 1016).

Finally, considering the large discrepancy between the parties' disposable incomes and assets, the counsel fee award constituted an appropriate exercise of the court's discretion (*see* Domestic Relations Law § 237 [a]; *see also Charpié v Charpié*, 271 AD2d 169, 171). Concur—Nardelli, J.P., Tom, Mazzarelli, Andrias and Saxe, JJ.