■ MARK TURRISI, Appellant, v DONNA SEVERINO, Respondent, et al., Defendants. [910 NYS2d 504]—

In an action, inter alia, for the partition and sale of real property, the plaintiff appeals, as limited by his brief, from so much of an interlocutory judgment of the Supreme Court, Suffolk County (Sweeney, J.), dated January 14, 2010, as, upon directing the partition and sale of the subject property, directed that the net proceeds of the sale be divided equally after the payment of $27,000 to the defendant, and failed to award the plaintiff a credit for payments of carrying charges, repairs, and improvements of the subject property.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

The parties, who were never married, purchased the subject property in 2001 as tenants in common. The parties signed a written agreement dated June 14, 2001, wherein they agreed that, upon the sale or disposition of the subject property, they "shall be entitled to share the equity equally after payment" of the sum of $27,000 to the defendant. The plaintiff does not dispute that the parties orally agreed that he would be responsible for household expenses in excess of $300 per month, including the mortgage, real estate taxes, and insurance.

The interlocutory judgment appealed from directed the partition and sale of the subject property, and directed that, after payment to the defendant of the sum of $27,000, pursuant to the parties' written agreement, the remaining proceeds "shall be divided equally" without crediting the plaintiff for payments made in excess of his one-half interest in the property.

Although statutory, a partition action is equitable in nature and the court may compel the parties to do equity between themselves when adjusting the distribution of the proceeds of sale (*see Cook v Petito*, 208 AD2d 886 [1994]; *Oliva v Oliva*, 136 AD2d 611, 612 [1988]). In determining the equities between the parties, agreements between the cotenants should be given effect (*see Oliva v Oliva*, 136 AD2d 611 [1988]). Further, voluntary payments made by one cotenant, with no expectation of

reimbursement, generally are not refundable upon partition (*see Hufnagel v Bruns*, 152 AD2d 459, 461 [1989]).

The division of the proceeds as directed by the Supreme Court is in accordance with the parties' agreements. The plaintiff failed to allege any facts which would require further adjustments based upon principles of equity (*see Cook v Petito*, 208 AD2d 886 [1994]; *Hufnagel v Bruns*, 152 AD2d 459, 461 [1989]).

The plaintiff's remaining contentions are without merit, or not properly before this Court. Prudenti, P.J., Angiolillo, Belen and Sgroi, JJ., concur.