■ HALLSVILLE CAPITAL, S.A., Respondent, v ROBERT DOBRISH, ESQ., et al., Respondents, and LUCY MIMRAN, Appellant. LUCY MIMRAN, Appellant, v HALLSVILLE CAPITAL, S.A., Respondent. [930 NYS2d 1]—

In the midst of a divorce action, Lucy Mimran and David Mimran sold a yacht that they owned, and the proceeds of the sale were placed in an escrow account held at HSBC. Subsequently, David defaulted on the repayment of a $10 million loan made to him in 2006 by Hallsville, and judgment was entered against him in favor of Hallsville in the amount of $11,853,874. Hallsville seeks the funds in the escrow account, pursuant to CPLR 5227, in partial satisfaction of the judgment. Lucy seeks to limit Hallsville's right of attachment to those escrow funds that represent David's share only. She claims a vested right in $6,513,808 of the funds, pursuant to the post-nuptial agreement between her and David, which provides that all property acquired during their marriage will be equally divided between them should the marriage end and that when the yacht is sold or otherwise disposed of or distributed she will receive an additional $2 million out of David's share.

To the extent Lucy argues that the prior order of the court (Saralee Evans, J.), was erroneous in finding that, in the absence of a final judgment of divorce, she did not have a vested right in

any portion of the funds in escrow, the argument is unavailing. She never filed an appeal from the prior order, which thus became the law of the case, and she cannot challenge its correctness in the context of this appeal (*see Prime Income Asset Mgt., Inc. v American .Real Estate Holdings L.P.*, 82 AD3d 550 [2011], *lv denied* 17 NY3d 705 [2011]).

In any event, Lucy's argument that she has a vested interest in a portion of the escrow funds by virtue of the post-nuptial agreement and that that portion of the funds cannot be attached by a judgment creditor of David, is flawed. The funds in the escrow account represent marital property that is subject to equitable distribution. All that the post-nuptial agreement establishes is Lucy's and David's respective shares of that property. Domestic Relations Law § 236 (B) (5) (a) provides that the court "shall provide for the disposition [of the parties' property] in the final judgment"; the statute does not "create any contingent or present vested interests, legal or equitable" at any point before judgment (*Leibowits v Leibowits*, 93 AD2d 535, 549 [1983, O'Connor, J., concurring]; *see White v Mazella-White*, 60 AD3d 1047, 1048 [2009]; *Musso v Ostashko*, 468 F3d 99, 107 [2006] ["A mere judicial declaration of equitable distribution, without entry, cannot give a spouse an interest in property superior to that of a creditor . . . holding a valid judgment lien"]).

Equally without merit is Lucy's argument that, pursuant to the post-nuptial agreement, her share of the proceeds of the sale of the yacht became titled in her name pending conclusion of the divorce and thus that she is the owner of those proceeds and they cannot be attached by a creditor of David. Lucy has offered no proof that the proceeds from the sale of the yacht, a marital asset, were converted to her own separate property before the entry of a judgment of divorce. The post-nuptial agreement does not convert the proceeds of the sale of marital property into separate property.

Since there was no final judgment of divorce entered at the time of the order on appeal, Lucy and David were still married, and the funds in the escrow account were marital property subject to attachment by a judgment creditor (*see In re Cole*, 202 BR 356, 360 [1996]).

We have considered Lucy's remaining arguments and find them without merit. Concur—Andrias, J.P., Sweeny, Moskowitz, Richter and Román, JJ.