■ Lynda Antonetti et al., Appellants, v City of New York et al., Respondents. [976 NYS2d 42]—

Judgment, Supreme Court, Bronx County (John A. Barone, J.), entered January 17, 2012, dismissing the complaint, unanimously modified, on the law, to vacate the judgment with respect to defendant Board of Education, and otherwise affirmed, without costs. Appeal from order, same court and

Justice, entered January 12, 2012, which granted defendants' motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal from order, same court and Justice, entered June 6, 2012, which denied plaintiffs' motion to renew and reargue, unanimously dismissed, without costs, as taken from a nonappealable paper insofar as it is addressed to the denial of reargument, and, as subsumed in the appeal from the judgment insofar as it is addressed to the denial of renewal.

We affirm the dismissal of the complaint as against the City, because the City is a legal entity separate from the Board of Education and cannot be held liable for torts committed by the Board (*see Perez v City of New York*, 41 AD3d 378, 379 [1st Dept 2007], *lv denied* 10 NY3d 708 [2008]).

However, the court erred in granting defendants' motion for summary judgment dismissing the complaint as against the Board of Education on the ground that the Board did not owe plaintiff Lynda Antonetti a special duty. The argument that the Board owed no special duty to plaintiff is barred by equitable estoppel and because defendants raised it for the first time in their reply brief. An order of the Supreme Court (Stanley Green, J.), entered January 9, 2012, which denied defendants' motion for leave to amend their answer to deny that the Board of Education operated the premises on which plaintiff's injury occurred, became law of the case binding the trial court when defendants failed to appeal it, and cannot be challenged on this appeal (*see Hallsville Capital, S.A. v Dobrish*, 87 AD3d 933, 934 [1st Dept 2011]). The court found that defendants were estopped from amending the answer because their motion for leave was made six years after the commencement of the action and more than two years after the expiration of the statute of limitations.

In light of defendants' delay in moving for leave to amend, the doctrine of equitable estoppel arises from plaintiffs' reasonable reliance, to their detriment, upon the representations set forth in defendants' joint verified answer (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *Blount v Bovis Lend Lease Holdings, Inc.*, 35 AD3d 310 [1st Dept 2006]).

The argument having been raised for the first time in defendants' reply brief, plaintiffs had no opportunity to respond to it (*see Caribbean Direct, Inc. v Dubset LLC*, 100 AD3d 510 [1st Dept 2012]). Concur—Mazzarelli, J.P., Acosta, Moskowitz, Manzanet-Daniels and Gische, JJ.