■ FERRO FABRICATORS, INC., Doing Business as GREG'S IRON WORKS, INC., Plaintiff, v 1807-1811 PARK AVENUE DEVELOPMENT CORP. et al., Defendants. ESF PROPERTY, INC., et al., Third-Party Plaintiffs-Appellants, v ARCHITECTURAL STONE, LLC, et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [11 NYS3d 548]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered July 8, 2013, which granted third-party defendants-respondents' motion to dismiss the claims against them, unanimously affirmed, without costs.

We decline third-party defendants' request that we dismiss this appeal due to third-party plaintiffs' alleged failure to comply with this Court's rules for perfecting the appeal (see Rules of App Div, 1st Dept [22 NYCRR] § 600.5 [c], [d]). Because third-party defendants make this request and raise these arguments for the first time on appeal, they have acquiesced in any noncompliance (see Cetnar v Kinowski, 245 AD2d 974, 975 [3d Dept 1997]).

Third-party plaintiffs, the owners of the real property at issue, bring their Lien Law claim as "trustee" of funds allegedly received and held by the third-party defendant contractors. Although Lien Law § 77 (1) provides that a trustee may maintain an action to enforce a trust, Lien Law § 70 (5) provides that "[t]he assets of the trust of which [an] owner [of real property] is trustee are the funds received by him." Accordingly, third-party plaintiffs, as owners, are not the trustee of funds received by the third-party defendant contractors, and therefore they lack standing to maintain their Lien Law claim (third cause of action).

The second cause of action, for fraud/negligent misrepresentation, is not duplicative of defendant/third-party plaintiff ESF's breach of contract counterclaim against plaintiff/third-party defendant Ferro Fabricators, Inc., since it does not allege that Ferro entered into a contract intending not to perform (see MBIA Ins. Corp. v Countrywide Home Loans, Inc., 87 AD3d 287, 293 [1st Dept 2011]). However, the claim must still be dismissed for failure to plead with requisite particularity pursuant to CPLR 3016 (b) (see e.g. Gregor v Rossi, 120 AD3d 447,

447 [1st Dept 2014] [holding that claims were not pleaded with requisite particularity because the words used by the defendants and the date of the alleged false representations were not set forth]). Here, the third-party complaint only contains general allegations as to the alleged misrepresentations and virtually no information as to when and by whom these representations were made.

Similarly, third-party plaintiffs' fourth cause of action, for negligence/professional malpractice, is not duplicative of ESF's breach of contract counterclaim, because "[a] legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship [and] [p]rofessionals . . . may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 551 [1992]). However, although the third-party complaint alleges that Ferro and third-party defendant Gregory Dec owed a duty to perform engineering services in a professional manner and without negligence, it fails to state nonconclusory allegations as to how the third-party defendants negligently discharged the alleged duties and what damage the alleged failure caused (*cf. 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 82-83 [1st Dept 1999]).

With respect to the first cause of action, alter-ego liability is not an independent cause of action (*see e.g. Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). In any event, the first cause of action alleging alter-ego liability is too conclusory, since it fails to plead any particularized facts (*see e.g. Andejo Corp. v South St. Seaport Ltd. Partnership*, 40 AD3d 407, 407 [1st Dept 2007]).

We have considered third-party plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ.