## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:   January 5, 2017                521841

_____

KAREN L. COHEN,
                    Respondent,

         v                              MEMORANDUM AND ORDER

SETH J. COHEN,
                    Appellant.

_____


Calendar Date:   November 16, 2016

Before:  Egan Jr., J.P., Lynch, Rose, Clark and Aarons, JJ.

_____


        Ricciani & Jose LLP, Monticello (E. Danielle Jose-Decker of
counsel), for appellant.

        Gail Rubenfeld, Monticello, for respondent.

_____


Aarons, J.

        Appeal from a judgment of the Supreme Court (Cahill, J.),
entered December 3, 2014 in Sullivan County, ordering, among
other things, equitable distribution of the parties' marital
property, upon a decision of the court.

        Plaintiff (hereinafter the wife) and defendant (hereinafter
the husband) were married in 2007.  The wife commenced this
action for divorce in 2009.  After a nonjury trial, Supreme
Court, sua sponte, converted the parties' request for equitable
distribution of the marital residence to a claim for partition of
the property because the parties acquired the property before the
marriage as joint tenants with the right of survivorship.
Supreme Court also, among other things, granted the wife sole

ownership of the marital residence,[1] awarded her possession of a four-wheel all-terrain vehicle (hereinafter four-wheeler) and, after calculating the credit due to the wife based upon her contributions to the marital residence, determined that the amount of such credit exceeded the amount of the husband's equitable share in the marital residence. The husband appeals.[2]

As an initial matter, we disagree with the husband that Supreme Court's sua sponte conversion of the parties' request for equitable distribution of the marital residence into a claim for partition was erroneous. "Although a partition action is statutory, it is equitable in nature" (Deitz v Deitz, 245 AD2d 638, 639 [1997] [internal citation omitted]). Inasmuch as Supreme Court is empowered to "adjust the rights of the parties so each receives his or her proper share of the property and its benefits" (Hunt v Hunt, 13 AD3d 1041, 1042 [2004]; see Domestic Relations Law § 234; Kahn v Kahn, 43 NY2d 203, 209 [1977]; Rossignol v Rossignol, 82 AD3d 1335, 1336 [2011]), we find no error in Supreme Court's decision to treat the action as one seeking partition of the marital residence.

We also disagree with the husband's claim that Supreme Court, when calculating the amount of equity in the marital residence, should have used the amount of principal that existed on the mortgage prior to when it was refinanced in 2005, as opposed to the amount that remained after the refinancing. While part of the proceeds from the refinanced loan were used to pay some of the wife's debts, such proceeds were not marital funds inasmuch as the refinancing took place prior to the parties' marriage (compare Biagiotti v Biagiotti, 97 AD3d 941, 943 [2012]; Nidositko v Nidositko, 92 AD3d 653, 656 [2012]). In addition, it

---

[1]  In his brief, the husband concedes that the wife should have ownership of the marital residence.

[2]  Although the husband's notice of appeal sets forth the incorrect entry date of the judgment from which he appeals, upon the exercise of our discretion, we will overlook such defect and treat the notice of appeal as valid (see CPLR 5520 [c]).

was the husband who suggested to the wife that they refinance the loan to pay off her debts, and he ultimately consented to it. Under these circumstances, we conclude that Supreme Court did not err in subtracting the amount of the principal balance due on the loan after it had been refinanced from the stipulated amount of the fair market value of the marital residence in calculating the equity amount.

To that end, in light of the parties' stipulation that the fair market value of the home was $215,500[3] and the principal balance of the loan that remained outstanding after it had been refinanced in 2005 was $178,695.05, the amount of equity in the marital home was $36,804.95. Each party was thus entitled to one half of that equity amount — i.e., approximately $18,403. This amount, however, is subject to a reduction based upon expenditures made by one party in excess of his or her obligations (see Sharpe v Raffer, 69 AD3d 1137, 1137-1138 [2010], lv dismissed 15 NY3d 800 [2010]; Brady v Varrone, 65 AD3d 600, 602 [2009]; Vlcek v Vlcek, 42 AD2d 308, 310-311 [1973]). Here, even though the husband remained in the marital residence until January 2010, the wife, starting in June 2009, paid from her separate financial account the household bills, expenses and the mortgage. Furthermore, after the husband left the marital residence, the wife, still from her own separate financial account and without any contribution from the husband, continued to make payments to reduce the principal on the mortgage. The wife alone also paid other expenses to maintain the marital residence (see Beardslee v Beardslee, 124 AD3d 969, 969 [2015]; Lurie v Lurie, 94 AD3d 1376, 1378 [2012]).

We are unpersuaded by the husband's contention that the wife was not entitled to credits based upon her separate payments that were made outside the time period between July 1, 2009 and January 13, 2010. While the husband was ordered to pay one half of certain expenses between that specific time period in a prior pendente lite order, this order also noted that any inequity in

_____

[3] Supreme Court's decision incorrectly stated that the stipulated fair market value of the marital residence was $215,000.

such payment may be addressed in the final distribution of marital assets. Supreme Court was therefore entitled to take into account the wife's expenditures made before July 1, 2009 and after January 13, 2010. Based upon the trial testimony and documentary evidence, the court correctly calculated that the amount of credits that the wife would be entitled to, based upon her expenditures, exceeded the husband's share of the equity amount. Under these circumstances, the husband would owe the wife a monetary amount, but Supreme Court declined to order the husband to pay the wife for the amount due to her. In light of the equitable principles underlying a partition claim, we see no reason to disturb Supreme Court's determination on this point.

We do, however, find merit in the husband's assertion that Supreme Court erred in awarding the wife sole possession of the four-wheeler inasmuch as Supreme Court should not have treated it as marital property subject to equitable distribution. The record reveals that, although the wife was the title owner of the four-wheeler, she purchased and gave it to the husband as a birthday gift prior to their marriage. As such, we conclude that the four-wheeler was the separate property of the husband and should not have been awarded to the wife (see Domestic Relations Law § 236 [B] [1] [d] [1]; Ceravolo v DeSantis, 125 AD3d 113, 116 [2015]; Owens v Owens, 107 AD3d 1171, 1172-1173 [2013]; cf. Epstein v Epstein, 289 AD2d 78, 78 [2001]).

Egan Jr., J.P., Lynch, Rose and Clark, JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff the four-wheel all-terrain vehicle; said vehicle is awarded to defendant; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court