York v York (2019 NY Slip Op 04027)





York v York


2019 NY Slip Op 04027


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-08331
 (Index No. 11853/98)

[*1]Esther York, respondent, 
v
Joseph York, defendant- appellant; William Z. York, nonparty-appellant.


Langione, Catterson & LoFrumento (Paula Schwartz Frome, Garden City, NY, of counsel), for defendant-appellant.
Goldberg Weg & Markus, PLLC, New York, NY (Alexander Markus of counsel), for nonparty-appellant.
Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, and nonparty William Z. York separately appeals, from an order of the Supreme Court, Queens County (Margaret P. McGowan, J.), dated June 30, 2016. The order, insofar as appealed from by the defendant, directed a hearing on the plaintiff's motion to hold him in civil contempt and granted that branch of the plaintiff's separate motion which was pursuant to CPLR 5225 to direct the defendant's attorney to turn over $20,000 of the defendant's retainer fee to the plaintiff. The order, insofar as appealed from by nonparty William Z. York, granted the plaintiff's separate motion, in effect, for leave to commence a third-party action against him and denied his cross motion pursuant to CPLR 3211(a) to dismiss the proposed third-party complaint.
ORDERED that the appeal from so much of the order as directed a hearing on the plaintiff's motion to hold the defendant in civil contempt is dismissed, without costs or disbursements, as no appeal lies as of right from an order which directs a hearing to aid in the disposition of a motion (see Serraro v Staropoli, 94 AD3d 1083, 1084), and we decline to grant leave to appeal; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, without costs or disbursements, that branch of the plaintiff's motion which was pursuant to CPLR 5225 to direct the defendant's attorney to turn over $20,000 of the defendant's retainer fee to the plaintiff is denied, the plaintiff's separate motion, in effect, for leave to commence a third-party action against nonparty William Z. York is denied, and the cross motion of nonparty William Z. York pursuant to CPLR 3211(a) to dismiss the proposed third-party complaint is granted.
In this action for a divorce and ancillary relief, nonparty William Z. York (hereinafter William) and his wife retained Allan Botter to represent the defendant, William's brother, signed a retainer agreement, and allegedly provided $20,000 of the retainer fee paid to Botter. The plaintiff served Botter with a restraining notice, then moved, inter alia, pursuant to CPLR 5225 to direct Botter to turn over the $20,000 to her. The plaintiff separately moved, in effect, for leave to commence a third-party action against William, and William cross-moved pursuant to CPLR 3211(a) to dismiss the proposed third-party complaint. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was pursuant to CPLR 5225 to direct Botter to turn over the $20,000 [*2]to her, granted the plaintiff's separate motion, in effect, for leave to commence a third-party action against William, and denied William's cross motion to dismiss the proposed third-party complaint. The defendant and William separately appeal.
The Supreme Court should not have granted that branch of the plaintiff's motion which was pursuant to CPLR 5225 to direct Botter to turn over the $20,000, as the court lacked jurisdiction over Botter (see Matter of Signature Bank v HSBC Bank USA, N.A., 67 AD3d 917, 918; Gryphon Dom. VI, LLC v APP Intl. Fin. Co. B.V., 41 AD3d 25, 31). Rather, the plaintiff should have commenced a special proceeding against Botter pursuant to CPLR 5225(b) (see Koehler v Bank of Bermuda Ltd., 12 NY3d 533, 537-538; Pensmore Invs., LLC v Gruppo, Levey & Co., 137 AD3d 558, 559; Matter of Signature Bank v HSBC Bank USA, N.A., 67 AD3d at 918; Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5225:1). Moreover, even if a special proceeding had been commenced, the plaintiff would not have been entitled to the $20,000 because there was no showing that the defendant had any interest in those funds (see CPLR 5225[b]; Matter of Sirotkin v Jordan, LLC, 141 AD3d 670, 671; Matter of Miraglia v Essex Ins. Co., 96 AD3d 945, 945; Matter of Goldberg & Connolly v Xavier Constr. Co., Inc., 94 AD3d 1117, 1118; Lang v State of New York, 258 AD2d 165, 169; Koroleski v Badler, 32 AD2d 810, 811).
The Supreme Court also should not have granted the plaintiff's motion, in effect, for leave to commence a third-party action against William, and should not have denied William's cross motion to dismiss the third-party complaint. The third-party complaint failed to state a cause of action arising out of the divorce action (see CPLR 1007; Lucci v Lucci, 150 AD2d 649).
The plaintiff's remaining contention is without merit.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court