Price v Turner Constr. Co. (2021 NY Slip Op 00039)





Price v Turner Constr. Co.


2021 NY Slip Op 00039


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Webber, J.P., Singh, Kennedy, Shulman, JJ. 


Index No. 300720/16 Appeal No. 12785 Case No. 2020-03225 

[*1]Natatsha Price, Plaintiff-Appellant,
v
Turner Construction Company, et al., Defendants-Respondents, Consolidated Edison Company of New York, Inc., Defendant.


Kenneth J. Ready & Associates, Mineola (Gregory S. Gennarelli of counsel), for appellant.
Pillinger Miller Tarallo, LLP, Elmsford (Michael Neri of counsel), for respondents.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about November 19, 2019, which, to the extent appealed from, granted the motion of defendants Turner Construction and Intricate Construction for summary judgment dismissing the action as against them, unanimously affirmed, without costs.
Turner Construction (Turner) contracted with the New York City School Construction Authority to construct a new school and abutting sidewalks on West 44th Street in Manhattan. Turner hired Intricate Construction as its concrete subcontractor on the project. Plaintiff allegedly tripped and fell on protruding anchor bolts in the sidewalk, near the curb, which supported a street light pole that had been removed at some point prior to, or during the project work. Before plaintiff's accident, excavation work undertaken by Turner/Intricate on the sidewalk had damaged the foundation that supported the light pole base and said defendants repaired the foundation and light pole base, including reinstallation of the same anchor bolts in the light pole base.
Plaintiff's action against Turner and Intricate is premised upon the first exception espoused in Espinal v Melville Snow Contrs. (98 NY2d 136 [2002]), namely, that defendants' alleged negligence in their performance under their agreements created or exacerbated a hazard which was a proximate cause of her injuries.
Turner/Intricate established prima facie entitlement to summary judgment upon their proof indicating their reconstruction work returned the light pole base to the state it was in before it was damaged during the excavation work. Upon the burden shift, no evidence was offered to show that the subject anchor bolts, following the base reconstruction work, protruded any higher above the sidewalk surface than they did before the excavation work. Plaintiff otherwise failed to raise a triable issue whether negligence by Turner/Intricate in their performance of their agreements created or contributed to a hazard that proximately caused her injury (Church v Callanan Indus., 99 NY2d 104, 112 [2002]).
To the extent plaintiff contends for the first time in her reply brief that absent evidence as to when the light pole was removed from its base, reasonable inferences are to be drawn in her favor, as nonmovant, that the pole was removed after Intricate had damaged the light pole base while excavating, and that such negligence was a proximate cause of the anchor bolts being exposed in a hazardous way, such contention is barred from consideration (Domaszowec v Residential Mgt. Group LLC, 135 AD3d 572, 574 [1st Dept 2016]; Antonetti v City of New York, 111 AD3d 558, 559 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021