Gulick v Beckett (2021 NY Slip Op 06081)





Gulick v Beckett


2021 NY Slip Op 06081


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Renwick, J.P., Singh, Kennedy, Rodriguez, Pitt, JJ. 


Index No. 310556/16 Appeal No. 14591 Case No. 2020-03826 

[*1]Roy Gulick, Plaintiff-Respondent,
v
Tom Beckett, Defendant-Appellant.


Corey M. Shapiro, New York, for appellant.
Aronson Mayefsky & Sloan, LLP, New York (Daniel M. Lipschutz of counsel), for respondent.



Judgment of divorce, Supreme Court, New York County (Tandra L. Dawson, J.), entered July 28, 2020, which to the extent appealed from as limited by the briefs, brings up for review an order, same court and Justice, entered July 31, 2019, awarding defendant 20% of the appreciation of the parties' former marital residence during the period of joint tenancy, or $235,000, and directing him to pay damages of $30,048 to plaintiff for abuse of process, unanimously affirmed, without costs.
Contrary to defendant's contention, he failed to demonstrate by clear and convincing evidence that plaintiff intended to gift him a 50% transfer of ownership of his apartment, purchased by plaintiff before the parties met, that would entitle him to 50% of the value of the apartment upon their divorce (see generally Gruen v Gruen, 68 NY2d 48, 53 [1986]). Nor, as defendant argues, does the fact that the parties were joint tenants with rights of survivorship automatically entitle him to 50% of the apartment's current value as a matter of law (see Cohen v Cohen, 146 AD3d 1040, 1041 [3d Dept 2017]; Koehler v Koehler, 285 AD2d 582, 582-583 [2d Dept 2001]). Since the parties were joint tenants, the apartment was subject to a partition action, which is equitable in nature (see Turrisi v Severino, 77 AD3d 914, 914 [2d Dept 2010]). Here, it was undisputed that plaintiff made almost all of the financial contributions toward the apartment during the joint tenancy, paying for the carrying costs, mortgage, and extensive renovations, among other things, to warrant awarding defendant 20% of the apartment's increase in value during the joint tenancy for his non-monetary contributions (see Cohen, 146 AD3d at 1041; L.L. v B.H., 33 Misc 3d 930, 934 [Sup Ct, Nassau County 2011]).
We find that plaintiff satisfied the elements of abuse of process to collect damages associated with defendant's filing of criminal charges, which were dismissed and deemed a nullity by the criminal court. Defendant does not deny that the charges were false, intended to harm plaintiff without justification, and that the criminal action allowed him to gain the collateral objective of gaining temporary exclusive occupancy of the parties' apartment (see generally Curiano v Suozzi, 63 NY2d 113, 116 [1984]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021