| |
|---|
| **West 60th St. Assoc., LLC v Maier** |
| 2024 NY Slip Op 30504(U) |
| February 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160364/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. ARLENE P. BLUTH** | **PART** | **14** |
| | *Justice* | | |

------------------------------------------------------------------------------X

WEST 60TH STREET ASSOCIATES, LLC,

                               Petitioner,

                        - v -

BIANCA MAIER, MOR OHANA, BEAUTY BY B NY 2023 LLC,CIGAR LOUNGE 2023 26TH STREET LLC,HAPOEL FE LLC A/K/A HAPPEN FE LLC,NAOMI18, LLC A/K/A NAOMI18 LLC,JONATHAN DRORY, SHACHAR ZEPLOVITCH, SARID DRORY

                              Respondent.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 160364/2023 |
| **MOTION DATE** | 02/07/2024 |
| **MOTION SEQ. NO.** | 001 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 36, 41, 42, 44, 45, 46, 47, 48, 49, 63, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 90, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 129, 131, 132, 133, 137, 138

were read on this motion to/for                   ORDER OF ATTACHMENT     .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 89, 91, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 124, 125, 126, 127, 128, 130, 134, 135, 136, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148

were read on this motion to/for                         DISMISS        .

        Motion Sequence 001 and 004 are consolidated for disposition. The motion by respondents Sarid Drory, Mor Ohana and Hapoel Fe LLC is decided as described below. The petition (MS001) is adjourned to February 29, 2024 to permit the remaining respondent to answer.

## Background

        This is not a plenary action. Rather, this is, apparently, a turnover proceeding brought pursuant to CPLR 5225(b). In such proceedings, a judgment creditor typically claims that the

**160364/2023 WEST 60TH STREET ASSOCIATES, LLC vs. MAIER, BIANCA ET AL**
**Motion No. 001 004**

**Page 1 of 13**

1 of 13

respondent is in possession of assets of the judgment debtor and seeks a court order directing that third party (named as a respondent) to turn over those assets to the petitioner/judgment creditor.

In its petition, petitioner contends that it secured a judgment against respondents Sarid Drory, Jonathan Drory and Shachar Zeplovitch on October 6, 2022 in New York County Civil Court for $139,035.00 (NYSCEF Doc. No. 2) arising out of unpaid rent. In reply, petitioner admits that it never obtained a judgment against Sarid and claims he was named here due to an oversight. The Civil Court judgment is against Jonathan and Shachar.

Sarid is Jonathan's father and the uncle of respondent Shachar. Portraying Sarid as a mastermind in cheating people, petitioner claims that right after the judgment was entered, Sarid and Jonathan transferred hundreds of thousands of dollars through newly created companies to hide their money from petitioner. The Court observes that Shachar's affidavit (NYSCEF Doc. 95), in which he recounts money transfers, suggests he was naïve and blames a nefarious scheme on everyone but himself. This affidavit, curiously, was uploaded by petitioner's counsel; that raises questions about the author (or author[s]) of this document.

In any event, after petitioner brought a proceeding in landlord-tenant court and secured a judgment, it details the allegedly fraudulent transfers it claims have occurred. But this is not a plenary action designed to explore allegedly fraudulent transfers. Instead, this is a limited special proceeding brought pursuant to statute and that special proceeding is limited to seeking a court order to direct a third party, *who is holding the judgment debtor's funds or assets*, to turn those funds or assets over to the petitioner.

Unfortunately, the petition, in a somewhat scattershot fashion, attempts to paint a picture of judgment debtors, their family members, and associates moving money to try to hide it from creditors. Petitioner argues that Shachar directed that his personal paychecks be deposited into

160364/2023   WEST 60TH STREET ASSOCIATES, LLC vs. MAIER, BIANCA ET AL   Page 2 of 13
Motion No.  001 004

2 of 13

the bank account of his business, respondent Cigar Lounge 2023 26th Street LLC ("Cigar Lounge") and attaches documentation purportedly showing the creation of this account *after* the date of the judgment. Petitioner contends that respondent Jonathan liquidated his personal bank account at Citibank (which totaled $177,000) and deposited that money into an account held by respondent Naomi18, LLC ("Naomi18"), an entity that petitioner claims is an alter ego of Jonathan and respondent Ohana.

Petitioner also contends that on that same date, October 19, 2022, Jonathan liquidated his personal bank account at Bank of America and deposited that amount (about $34,000) into an account held by Naomi18. However, petitioner does not directly claim that any money remains with Naomi 18 - it contends that Jonathan and Ohana then transferred the entire amount of funds (over $200,000) to an account held by respondent Hapoel FE LLC ("Hapoel").

Petitioner also details how Shachar transferred thousands of dollars to his girlfriend Bianca in February 2023. It further alleges that in April 2023, Shachar transferred over $200,000 from a Hapoel account to a Cigar Lounge bank account and then to an account held by BBB NY LLC (an entity petitioner alleges was created by respondent Bianca Maier). Petitioner contends the money was then sent back to the Cigar Lounge and then back to the Hapoel account. And so "following the money" leads to Hapoel.

Respondents Sarid Drory, Mor Ohana and Hapoel ("Moving Respondents") move under MS004 to dismiss this proceeding and to strike the scandalous allegations alleged against them, as well as for sanctions. With respect to Sarid, he submits an affidavit in which he emphasizes that the petitioner did not obtain a judgment against him and that petitioner never served him.

Respondent Ohana questions his involvement in this case and speculates that he was named simply because he was an authorized user on a bank account held in the name of Hapoel.

**160364/2023   WEST 60TH STREET ASSOCIATES, LLC vs. MAIER, BIANCA ET AL            Page 3 of 13**
**Motion No.  001 004**

3 of 13

He observes he grew up in Tel Aviv right next door to Jonathan Drory, whom he considers a close friend. Ohana argues that he has been living in California since 2023 and also argues that he was never served.

In support of the motion to dismiss as to Hapoel, Sarid's ex-wife Orit Tempelhof submits an affidavit in which she claims she is the sole equity member of Hapoel. Ms. Tempelhof explains that this entity operates a clothing business and she granted Jonathan and later Ohana permission to access Hapoel's U.S. bank accounts to facilitate U.S.-based transactions. She observes that she named Ohana on the account after Jonathan expressed a desire to return to Israel (she insists he has since returned to Israel). Ms. Tempelhof also argues that Hapoel was never served.

**Discussion**

Petitioner brings five causes of action in this special proceeding. It seeks a turnover, a voidable transfer claim under the Debtor Creditor Law, for the appointment of a receiver, for injunctive relief and for alter-ego liability.

As an initial matter, the Court dismisses the causes of action for the appointment of a receiver and the claim for alter ego liability as neither of these causes of action are stand-alone claims. The appointment of a receiver is a remedy while alter ego liability is a theory of recovery, not an independent cause of action (*Ferro Fabricators, Inc. v 1807-1811 Park Ave. Dev. Corp.*, 127 AD3d 479, 480, 11 NYS3d 548 [1st Dept 2015]).

Petitioner brought this proceeding pursuant to CPLR 5225(b), which provides that:

"Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment

**160364/2023  WEST 60TH STREET ASSOCIATES, LLC vs. MAIER, BIANCA ET AL**
**Motion No.  001 004**

**Page 4 of 13**

4 of 13

debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff."

If there are issues of fact in this type of proceeding, Courts are required to hold a hearing (*Pensmore Investments, LLC v Gruppo, Levey & Co.*, 137 AD3d 558, 559, 29 NYS3d 1 [1st Dept 2016]). That hearing can take the form of a trial by jury if demanded by garnishee (Richard, C. Reilly, Practice Commentaries, C5225:6).

## Procedural Posture

The judge previously assigned to this proceeding signed an order to show cause in which she granted an attachment, ordered petitioner to post a bond in the amount of $50,000 and permitted service on respondents by "personal delivery or by overnight delivery at their respective residences or wherever else they may be found" (NYSCEF Doc. No. 42 at 6).

## Hapoel

The Court finds that petitioner met its burden to show that Hapoel was served through the affidavit of service. The remaining issue is whether petitioner stated a cause of action against this respondent. The Court finds that it has.

Here, while petitioner weaves a story of money going into and out of various accounts held by various entities, the only entity that petitioner claims might still be holding money is Hapoel. While money might have passed through various entities, there is no claim that any money is now with those entities. The entire point of this type of special proceeding is to

**160364/2023  WEST 60TH STREET ASSOCIATES, LLC vs. MAIER, BIANCA ET AL**   **Page 5 of 13**
**Motion No.  001 004**

5 of 13

identify a respondent who is holding money for a judgment debtor and get the Court to direct that entity to pay it over to the petitioner instead. The closest petitioner gets to identifying the judgment debtors' funds is where it claims that the judgment debtors' money went into Hapoel's account and there is no record of it ever leaving. Therefore, a good claim has been stated against Hapoel.

The affidavit of respondent Zeplovitch details how he hid money from respondent (although he blames Sarid for directing how money was moved) NYSCEF Doc. No. 95). With respect to Hapoel, the Court observes that Zeplovitch confirmed that although money was initially transferred to Hapoel, that money ($201,000) was then transferred to Cigar Lounge (an entity held by Zeplovitch) (*id.* ¶ 18). The managing member of Hapoel claims that when she discovered that Zeplovitch had sent money into Hapoel's account, she instructed Jonathan to move the money out (NYSCEF Doc. No. 148, ¶¶ 9, 10). Zeplovitch then insists that he sent the money back to Hapoel on April 18, 2023 (NYSCEF Doc. No. 95, ¶ 20).[1] No other specific information is provided about when and if the money left Hapoel.

The Court stresses that the apparent owner of Hapoel insists she has no idea where this money is because she is not listed on Hapoel's bank accounts in the United States (NYSCEF Doc. No. 148, ¶ 12). That compels the Court to deny the motion to dismiss as against Hapoel as there is an issue concerning whether the money (money that could be used to satisfy the judgment) is still with Hapoel. And Hapoel's managing member has no idea whether the money is in the account or not.

---

[1] Obviously, a judgment debtor alleging he sent money to Hapoel as part of a scheme to shield money from the judgment creditor also provides a basis for a cause of action for fraudulent transfer.

**160364/2023   WEST 60TH STREET ASSOCIATES, LLC vs. MAIER, BIANCA ET AL**           **Page 6 of 13**
   **Motion No.  001 004**

6 of 13

The fact is that Hapoel put Jonathan as an authorized user of the account and he is a judgment debtor. That Hapoel may be a legitimate business is not a reason to simply dismiss this case under these alleged facts. At this stage of the proceeding, it is unclear if the money is still in Hapoel's bank account and, if it is, whether it actually is being held for the judgment debtor(s).

**Stipulation with Certain Respondents**

After the order to show cause was signed, petitioner entered into a stipulation lifting the restraints against respondents Shachar Zeplovitch, Bianca Maier, Cigar Lounge 2023 26th Street LLC and Beauty by B NY 2023 LLC (NYSCEF Doc. No. 92). This agreement references a settlement and so the Court finds that the special proceeding is moot as against these respondents. In any event, there is no specific claim that any of these respondents is currently holding judgment debtors' funds that can be turned over to petitioner and if this was not a settlement, then the Court would dismiss this case against them on that ground.

**Sarid Drory**

In its reply, petitioner admits that it improperly asserted that Sarid was named in the judgment. It emphasizes it offered to discontinue the case against him without prejudice but that Sarid has refused to sign a corresponding stipulation. Petitioner argues that Sarid masterminded the purportedly voidable transfers but argues that it "consent[s] to discontinuance against Drory Sr. [Sarid])" (NYSCEF Doc. No. 111).

The Court therefore dismisses the proceeding as against Sarid Drory.

The only remaining question concerning Sarid are his assertions in the motion to dismiss for sanctions and to strike scandalous allegations under CPLR 3024(b). The Court declines to

**160364/2023 WEST 60TH STREET ASSOCIATES, LLC vs. MAIER, BIANCA ET AL**
**Motion No. 001 004**

**Page 7 of 13**

7 of 13

award sanctions given Sarid's clear relation to the case and the affidavit of Shachar who purports to confirm many of the details about Sarid's efforts to help hide money. The inadvertent naming of Sarid as a judgment debtor was an admitted sloppy oversight but Sarid has not shown it was sanctionable conduct.

However, the Court grants the motion with respect to the request to strike scandalous matters alleged in the petition. A Court evaluating a motion under CPLR 3024(b) must consider whether the allegations are "scandalous and prejudicial, and not necessary to establish any element of plaintiff's causes of action" (*Ganieva v Black*, 216 AD3d 424, 425, 189 NYS3d 105 [1st Dept 2023]). This Court's greatest concern is with allegations made solely to disparage Sarid. These include, for instance, an assertion that Sarid stole his children's health insurance payment and allegations about his sex life while living at another apartment (*e.g.,* NYSCEF Doc. No. 1, ¶¶ 6, 59, 60). Petitioner even included an entire section dedicated to lodging personal attacks against Sarid (*id.*¶¶ 95-113). The Court declines to repeat all of the allegations.

The only purpose for making these allegations is to attack Sarid as they have nothing to do with the limited issue here—a judgment issued against two other respondents and Sarid's alleged assistance in helping the true judgment debtors avoid paying the judgment. Making arguments about alleged wrongdoing involving an opposing party's children (petitioner includes an allegation about Sarid's conduct towards his daughters who are not parties) is simply mean-spirited, amateurish, and wholly unrelated to chasing the money. It serves no purpose other than to show that counsel for petitioner lacks the judgment to focus on the law and the facts even if his client may be justifiably upset with Sarid. There are times when a lawyer, who is an officer of the court, must tell a client that certain allegations are improper and not necessary. The Court

**160364/2023  WEST 60TH STREET ASSOCIATES, LLC vs. MAIER, BIANCA ET AL**
**Motion No.  001 004**

**Page 8 of 13**

8 of 13

[* 8]

will assume that the failure of petitioner's counsel to do that here is simply an ill-considered blunder, not evidence of evil or malicious intent.

And it may well be true that Sarid is not a "stand-up guy." But this Court is not tasked with, nor is it interested in, making moral judgments about litigants. Petitioner used the petition as an opportunity to include deeply personal attacks that are irrelevant. That satisfies the Moving Respondents' burden to strike the following paragraphs: 6, 59, 60, 95-113; the Moving Respondents did not identify specific paragraphs so the Court picked the ones it deems to be especially inappropriate.

**Ohana**

The Court dismisses the proceeding as against respondent Ohana. As an initial matter, Ohana showed that service was improper as he attached a lease (NYSCEF Doc. No. 70) that shows he lived Los Angeles, California as of October 18, 2023. The affidavit of service uploaded by petitioner (NYSCEF Doc. No. 137) contends it served him at some address in Wilkes Barre, PA (Ohana claims this is his father's address). Petitioner also argues that it served Ohana by sending the papers to his business address, i.e., by sending it to Hapoel's address in New York City. The affidavit of service claims that Hapoel's address is the same as Jonathan Drory and that it served Hapoel "care of" Jonathan Drory.

The Court finds that service is not sufficient because the order to show cause specifies that respondents had to be served at their residences or "wherever else they may be found." There is nothing on this record to rebut Ohana's claim that his residence and "wherever he might be found" was not Jonathan Drory's apartment in November 2023. Petitioner does not claim it served Ohana personally while he was in New York; it just sent documents via overnight mail to

160364/2023   WEST 60TH STREET ASSOCIATES, LLC vs. MAIER, BIANCA ET AL
Motion No.  001 004

Page 9 of 13

9 of 13

[* 9]

addresses where Ohana was not located. That is not sufficient for this Court to find that service was proper.

Even if the Court were to consider this proceeding on the merits against Ohana, the Court would dismiss the petition against him. There are no specific allegations that he received and is holding any money as part of the judgment debtor's efforts to shield petitioner's collection efforts. For instance, the accounts detailed in the petition are all bank accounts held by other respondents (NYSCEF Doc. No. 1, ¶¶ 114-120).

To the extent that petitioner claims that Ohana is the alter ego of Hapoel, that claim fails for numerous reasons. Petitioner only included vague and conclusory allegations to justify piercing the corporate veil of Hapoel and, critically, the actual owner of Hapoel included an affidavit that contends it is a functioning entity. And the operating agreement of Hapoel details that Mor Ohana is a non-equity member and therefore has no ownership stake in the company at all (NYSCEF Doc. No. 84). Petitioner did not include anything in reply to show that Ohana exerts dominion and control over Hapoel such that he should be personally liable here. While petitioner includes significant details in the petition about the many transactions about which it complains, none of those transactions show that there is currently any money from the judgment debtors in Ohana's personal accounts.

**Remaining issues**

Respondent Jonathan Drory filed an opposition. That filing is improper in multiple ways. It was untimely as it was filed the day before the return date, which did not give petitioner a chance to respond. He claims he was not properly served and wants this case dismissed as against him.

**160364/2023   WEST 60TH STREET ASSOCIATES, LLC vs. MAIER, BIANCA ET AL**
**Motion No.  001 004**

**Page 10 of 13**

10 of 13

The specific type of proceeding that petitioner brought is intended to seek recovery as against third parties (*see* CPLR 5225[b]); that is, it is intended to seek relief against recipients of transfers from a judgment debtor. While a judgment debtor, such as Mr. Drory, can be named and certainly may seek to intervene, his papers seek dismissal of the proceeding against him. If he is not interested in what could happen to any money Hapoel may be holding, then the Court sees no reason to force Jonathan Drory to remain in this case.

Moreover, the Court stresses that the causes of action alleged here seek to enforce the judgment that petitioner already obtained against respondent Jonathan Drory. Of course, Jonathan, as the judgment debtor, cannot be ordered to pay the same judgment again. Rather, the intent of the petition appears to seek relief against entities that received funds from Jonathan.

Also, petitioner did not mention Naomi18 at all in its reply affirmation nor did this entity appear or answer. When a party has defaulted, it is the Court's role to determine whether the petitioner has stated a prima facie case against each respondent. Because petitioner does not claim this Naomi18 is currently holding money of the judgment debtor(s) that should be turned over to petitioner, petitioner has failed to state a claim against this entity, and Naomi 18 is dismissed.

**Summary**

The Court observes that the Moving Respondents filed a motion to dismiss but also, for some reason, filed papers in opposition to the petition (MS001) without filing an answer. Of course, in a special proceeding there must be a petition and respondents must either answer or move to dismiss. Or, if there is a default, the Court is tasked with determining whether the moving papers present a prima facie case for the relief sought.

160364/2023   WEST 60TH STREET ASSOCIATES, LLC vs. MAIER, BIANCA ET AL
Motion No.  001 004

Page 11 of 13

11 of 13

As stated above, this is a limited special proceeding that is brought once funds/assets are identified. Put another way, this Court views the purpose of this unique proceeding to be for a delivery order directing a respondent to turn those assets over to the petitioner/judgment creditor. Petitioner must show that the respondent is currently holding assets and claim that the assets are owed to, or received from or on behalf of, a judgment debtor, The key part of a such a proceeding is that the petitioner must meet its burden to identify respondents that *currently* possess assets attributed to the judgment debtor. The only respondent here that petitioner has come close to making those allegations against is Hapoel. Therefore, the proceeding is dismissed against all respondents except Hapoel, and Hapoel is directed to answer by February 29, 2024 and the Court will adjourn the return date of MS001, the petition, to March 1, 2024.

The Court understands that respondents named here may have been participating, and may be continuing to participate, in a scheme to hide the money. Nothing in this decision prevents petitioner from bringing a proper plenary action against them. However, they are dismissed from this special proceeding simply because petitioner did not adequately claim that they are now holding money of the judgment debtors. Put another way, the Court cannot issue a delivery order[2] where petitioner has not shown that these respondents are currently holding the judgment debtors' assets.

Remaining in this case are petitioner's claims against Hapoel. This entity is directed to answer on or before February 29, 2024 and the return date for MS001 shall be adjourned to March 1, 2024. The Court will then assess whether or not a hearing (or possibly a trial by jury if Hapoel requests) is required.

Accordingly, it is hereby

---

[2] *See generally*, Siegel, NY Prac §§519, 520 [6th ed 2018]).

**160364/2023   WEST 60TH STREET ASSOCIATES, LLC vs. MAIER, BIANCA ET AL**
**Motion No.  001 004**

ORDERED that the motion (MS004) by respondents Sarid Drory, Mor Ohana and Hapoel Fe, LLC is granted only to the extent that the petition is dismissed as against Sarid Drory and Mor Ohana, and paragraphs 6, 59, 60, 95-113 are stricken as scandalous, and the motion is denied to the extent it seeks sanctions or to dismiss the proceeding against Hapoel Fe, LLC; and it is further

ORDERED that petitioner's claims for the appointment of a receiver and for "alter ego liability" are severed and dismissed as against all respondents as they are not independent causes of action; and it is further

ORDERED that all claims against all respondents except for Hapoel Fe, LLC are severed and dismissed and all restraints and injunctive relief against these defendants are hereby vacated and it is further

ORDERED that all restraints and injunctive relief against Hapoel Fe, LLC remain, and said respondent shall answer on or before February 29, 2024 and the return date of MS001 shall be adjourned to March 1, 2024.

| 2/15/2024 | | |
|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160364/2023   WEST 60TH STREET ASSOCIATES, LLC vs. MAIER, BIANCA ET AL**
**Motion No.  001 004**

**Page 13 of 13**

13 of 13

[* 13]